SWANN, Judge.
This is an appeal from an amended final ■decree adjudicating the plaintiff to be the owner of certain real property, requiring the appellants, defendants below, to remove themselves and their personal property from the land within thirty days, and restraining the defendants from further trespassing on the land.
Plaintiff sued in equity, alleging a continuing trespass on his land, with no adequate remedy at law. The parties owned adjoining lots in Monroe County, Florida. The gravamen of the complaint was that the defendants had filled a strip of land, approximately ninety feet wide at the widest point, belonging to the plaintiff, upon which they had put up a fence, trailer, and a small CBS shed. The defendants allege that they were the owners of the land involved herein and denied that they were trespassing. In their fourth defense, the defendants alleged that the equity court did not have jurisdiction of the subject matter, inasmuch as the main issue in the case was one of boundary, not trespass. A demand for a jury trial was included in the answer.
The plaintiff thereafter moved for a summary final decree, with supporting affidavits. On June 20, 1963 the trial judge entered a partial summary decree, in which he recited that the only issue to be decided was the location of the common boundary line between the property owned by the plaintiff and the defendants. A petition for rehearing, which contended that there was a conflict in the evidence creating a material issue of fact and that the matter should have been transferred to the law side of the court under Rule 1.39, Florida Rules ot Civil Procedure, 30 F.S.A., was denied.
A final decree was'entered and a petition for rehearing was denied. On November 30, 1964, the trial court entered an amended final decree which found for the plaintiff and directed the defendants to remove themselves and their personal property from the land within thirty days. Defendants have appealed this order.
The question to be determined on appeal is whether the trial court should have, at the request of the defendants, transferred this matter to the law side of the court, inasmuch as the equity court was without jurisdiction because the plaintiff had an adequate remedy at law.
The case of Bailey v. Bailey, Fla.App. 1959, 114 So.2d 804, involved a suit in chancery, which was essentially an ejectment matter. Judge Sturgis for the court said:
***** *
“The main action was filed as a suit in chancery and it appears that the trial court and all parties to the cause treated it as having been properly maintained in that forum. Notwithstanding the fact that the complaint alleged that the defendant was in possession of the subject realty, asserted a superior and exclusive title in the plaintiff, and that the relief sought was eviction of defendant and the placing of plaintiff in possession, which are the normal and essential components of a suit in ejectment, no attempt was made to transfer the cause to the law side as would have been proper under Rule 1.39, 1954 Florida Rules of Civil Procedure, 30 F.S.A.”
******
In the instant case the defendants have continually asserted that this was a “law” suit and have consistently demanded a trial by jury of the issues involved.
*508 Judge Sturgis continues:
******
“The mere filing of the action on the chancery side could not operate to deprive defendant (appellant) of her common-law right of trial by jury in a proceeding having for its object her eviction from real property in her possession. That right is guaranteed by the constitution and it is clear that plaintiff (appellee) had a clear and adequate remedy at law by a suit in ejectment. Hughes v. Hannah, 39 Fla. 365, 22 So. 613; Trustees I. I. F. of Florida v. Gleason, 39 Fla. 771, 23 So. 539. * * *»
******
In Stark v. Marshall, Fla. 1953, 67 So.2d 235, Justice Sebring for the Supreme Court said:
******
“The complaint shows that the subject matter of the suit is a claimed dispossession of a strip of land owned by the original plaintiffs occasioned by the possession of the strip by the original defendants who owned lot 5, which lay immediately east of the land owned by the original plaintiffs. Therefore, it is apparent that the real purpose of the complaint was an attempt to litigate a boundary line dispute under the declaratory judgment statute, F.S.A. § 87.01 et seq., when a suit in ejectment was the appropriate remedy. This is not allowable. * * * ”
******
The real purpose of the instant complaint was to litigate a boundary dispute as is shown by the partial summary decree of June 20, 1963, wherein it was determined that the only issue to be decided was the location of the common boundary line between the property owned by the plaintiff and defendants.
Under the authority cited, we conclude that the plaintiff had an adequate remedy at law and that the trial court erred in not transferring the cause to the law side of the court after determining that the only issue to be decided was the common boundary line. The decision of the trial court is reversed and the cause remanded for transfer to the law side of the court.
Reversed and remanded.