SWANN, Judge.
The appellants, defendants below, petitioned under Florida Appellate Rule 3.16(c), 31 F.S.A., for review of a judgment for costs.
The appellee, plaintiff below, filed an original action in equity, alleging a continuing trespass on land and that there was no adequate remedy at law. The trial court entered its decision and a costs judgment for the plaintiff on November 18, 1964, for $497.50. The defendant appealed and the cause was reversed, 177 So.2d 506, because of an adequate remedy at law, and remanded for a jury trial on the issue of a “boundary line”.
The defendants, on remand, filed a motion to tax costs and contended in part as follows:
* * >i< * * *
“And that, in accord with the Cost Judgment of November 18, 1964, entered for the plaintiff in pursuance of the final decree, these defendants paid $497.50, for the plaintiff, subject to out come of said appeal, which they are now entitled to recover from the plaintiff. * * *”
* * # * * *
The trial court thereupon entered its order approving the taxing of the following costs:
“Clerk of this court for filing appeal and preparing record on appeal 57.90
“Clerk of Appellate Court, filing fee 25.00
“Court Reporter, transcript of minutes of trial 202.80
“Costs Judgment, heretofore entered for Plaintiff 497.50
TOTAL $783.20”
This was not a case in which the plaintiff was required to pay, or supersede costs *408 prior to an appeal, as in Abrams v. Gresham, Fla.App.1962, 136 So.2d 380. In the instant case the defendant appealed, paid costs and obtained a reversal and remand for further proceedings in the trial court.
Under these circumstances we do not believe it is proper to allow a costs judgment for plaintiff, pending the outcome of the matter on remand. If the decision on remand is contrary to the plaintiff, the costs judgment would obviously also be improper.
We therefore affirm all items in the costs judgment, except the inclusion of the costs judgment entered for the plaintiff on November 18, 1964, and reverse as to that item, without prejudice to its consideration, pending a final determination of this matter on remand.
Affirmed in part, reversed in part.