ON MOTION TO DISMISS
CROSS, Judge.
The appellant, City of Hallandale, a municipal corporation of the State of Florida, has taken two appeals from a cost judgment entered against it after it took a voluntary dismissal in a condemnation proceeding, one being an interlocutory appeal and the other a plenary appeal.
The appellees, 'William F. Chatios and others, have moved to dismiss both appeals on the ground that said appeals are to review a cost judgment which is reviewable only by petition under F.A.R. 3.16(c), 32 F.S.A.[1]
*54 The question for our determination is whether the appeals under consideration were providently perfected. The method or means of securing review of cost determinations has been fraught with confusion in this state. There are decisions to the effect that a cost judgment is reviewable only by petition under F.A.R. 3.16(c). See Giovannielli v. Lacedonia, Fla.App.1965, 179 So.2d 407; Dames v. Dames, Fla.App. 1963, 156 So.2d 532; Horner v. State of Florida, Fla.App. 1963, 148 So.2d 553. The foregoing decisions were rendered by our sister court of the Third District. In Craft v. Clarembeaux, Fla.App.1964, 162 So.2d 325, our sister court of the Second District has taken a different view and a view which we believe to be the proper view and to which we adhere. The court in Craft states:
“There are then at least three distinct means of securing review of cost determination. If the cost determination is entered in the final judgment or is made subsequent to rendition of the final judgment but prior to timely appeal from that judgment, plenary appeal from the final judgment and a proper assignment or, if appropriate, cross-assignment of error will bring the cost ordered to the appellate court. See Rules 3.2(d), 3.3 and 3.5, F.A.R. If the cost determination is made after entry of a final judgment and the judgment has been appealed, the time for appealing the final judgment has expired or the aggrieved party does not desire to appeal the final judgment, interlocutory appeal from the cost judgment will bring that matter to the appellate court. Rule 4.2, F.A.R. If the cost judgment is entered after the mandate of the appellate court has been lodged in the cause, petition under Rule 3.16 will provide a means of review. Finally, in appropriate circumstances — as in the instant case wherein the order was entered following a non-final and unappealable voluntary nonsuit — writ of certiorari may lie as a means of securing review.”
In conclusion, we determine that the proper method of securing review of a cost judgment entered following a voluntary dismissal of a cáuse of action is by writ of cer-tiorari.
Therefore the interlocutory appeal is dismissed and pursuant to Section 59.45,[2] F.S. 1967, F.S.A., the plenary appeal is treated as a petition for writ of certiorari, and the parties shall proceed accordingly.

. F.A.R. 3.16(c) Reviewable by Petition. If any party shall feel aggrieved by any judgment for costs, said judgment shall be reviewable in the appellate court upon petition, provided the petition is filed within 20 days after the entry of said judgment.

. F.S. § 59.45, F.S.A. Misconception of remedy; supreme court—
If an appeal be improvidently taken where the remedy might have been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiorari duly presented to the supreme court.