REED, Judge.
The plaintiff, Lavonia A. Dunning, filed a personal injury action against the defendants, Donald Keener and Bruce Baker, in the Circuit Court for Orange County, Florida. Prior to trial and on 1 July 1969, the plaintiff served a Notice of Voluntary Dismissal pursuant to Rule 1.420(a) (1), F.R.C.P., 30 F.S.A. On 2 July 1969 the defendants Keener and Baker filed and served a motion to tax costs. The trial court entered an order on this motion on 26 August 1969 which “deferred” a ruling on the taxation of costs incurred by those defendants for taking depositions of medical experts and for copies of certain divorce records and tax reports. The critical part of the order reads as follows:
“As to the items in categories 1, 4, and 8, taxation of costs is deferred. *114 There is no way for the Court to determine whether these items would have been allowed the Defendant, had the cause gone to trial and judgment been for the Defendant. Any allowance at this time would be based on speculation. It appears to the Court that there is now pending Case No. 69-3974, being a refiling on this cause by the same parties. The best way for the Court to determine whether or not the items in category 1, 4, and 8 would have been allowable costs in the instant case is for the Court to defer action on these items until there is a final disposition in Case
No. 69-3974, to determine if these items are used at the trial in Case No. 69-3974 by Defendant.”
The defendants have taken a full appeal from this order.
The primary issue presented by the appeal is whether or not the trial judge erred in deferring the taxation of the aforementioned cost items.
At the outset we note that the order appealed from is not a final judgment and appealable as such. We will, however, treat the notice of appeal and record as a petition for certiorari and review the order as on certiorari. F.S. 1967, Section 59.45, F.S.A.; Craft v. Clarembeaux, Fla.App.1964, 162 So.2d 325; City of Hallandale v. Chatlos, Fla.App.1968, 211 So.2d 53.
In our opinion, the trial judge erred by not either taxing in whole or in part or disallowing the specified cost items. Where a cause is voluntarily dismissed by a plaintiff under Rule 1.420(a) (1), F.R. C.P., and a motion is filed in the cause to tax costs, the trial judge should specifically rule in that cause on the taxability of each cost item sought to be taxed. Thereafter, the trial judge should enter a judgment assessing against the dismissing party those items of costs determined to be taxable. He has, however, no authority to defer a ruling on costs pending the outcome of other actions. In our opinion such is the necessary implication of Rule 1.420(d) which states in part:
“Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper * * (Emphasis added.)
We recognize that the taxation of costs is a matter which rests largely in the discretion of the trial court. But where costs are incurred in the taking of depositions and the acquisition of documentary evidence, these costs should not be disallowed merely because the use of the depositions and the documentary evidence was obviated by a voluntary dismissal. Compare Goldstein v. Great Atlantic & Pacific Tea Company, Fla.App.1962, 142 So.2d 115. With respect to the cost items here involved, that is, those items the taxing of which was “deferred” the trial judge should tax in whole or in part or disallow any item, depending upon his interpretation of the reasonableness of its amount and the necessity for incurring it.
That portion of the order quoted above is quashed. In all other respects the order on review is approved. On remand the trial judge is directed to enter an order either taxing in whole or in part or disallowing the taxation of the cost items above mentioned.
We have reviewed the other two points raised in appellants’ brief, but conclude that they are without merit.
Certiorari is granted and the cause is remanded with instructions.
CROSS, C. J., and MacMILLAN, HUGH, Associate Judge, concur.