506 So.2d 423 (1987)
Jeanne ENGLANDER and Paul Englander, Her Husband, Appellants,
v.
ST. FRANCIS HOSPITAL, INC., Appellee.
No. 85-2773.
District Court of Appeal of Florida, Third District.
April 7, 1987.
Joel H. Brown, Miami, for appellants.
Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy E. Gallagher, Miami, for appellee.
Before HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.

ON REHEARING EN BANC
DANIEL S. PEARSON, Judge.
When the Englanders voluntarily dismissed their medical malpractice action against St. Francis Hospital, the hospital, as the alleged "prevailing party," sought to recover attorneys' fees under Section 768.56, Florida Statutes (1983). The trial court, rejecting the plaintiffs' contention that their "voluntary dismissal was not related to the merits of the case, but rather was a strategic move to avoid jury confusion," Simmons v. Schimmel, 476 So.2d 1342, 1345 (Fla. 3d DCA 1985), denied their motion to strike the hospital's claim for attorneys' fees. The Englanders appealed, and in a two to one decision, a panel of this court ruled in their favor and reversed the trial court's order. See Englander v. St. Francis Hospital, Inc., 506 So.2d 422 (Fla. 3d DCA 1986). We now, sitting en *424 banc, vacate the panel decision and affirm the trial court's order.[1]
In Simmons v. Schimmel, 476 So.2d 1342, this court held that a defendant in a medical malpractice action was not a prevailing party entitled to attorneys' fees merely because the plaintiff had voluntarily dismissed the action. Instead, attempting to balance the Legislature's goal of discouraging nonmeritorious medical malpractice claims, with the general public policy of encouraging the termination of unnecessary litigation, we decided that where there was ample evidence tending to establish the defendant's liability, the defendant would not be deemed a prevailing party and would be thus not entitled to an award of attorneys' fees.
In the present case, as distinguished from Simmons, the trial court did not have before it evidence tending to establish the hospital's liability.[2] Thus, the hospital could be deemed a prevailing party and entitled to attorneys' fees, if it showed that, had not the voluntary dismissal intervened, the case would have concluded with the entry of summary judgment in its favor. Accordingly, the trial court was eminently correct in ruling that the defendant's motion for attorneys' fees was not subject to being stricken.
Since we are affirming the order under review and remanding the case to the trial court for further proceedings on the hospital's motion for attorneys' fees, we point out that this post-dismissal hearing on the issue of entitlement to attorneys' fees is in the nature of a summary judgment hearing. At this hearing, which is to be noticed in the same manner as a summary judgment hearing, the defendant must conclusively show that there was no genuine issue of material fact as to its liability and that it would have been entitled to a judgment in its favor had the plaintiffs not dismissed the action. Because the policy of encouraging voluntary dismissals and the termination of unnecessary litigation would be severely disserved were more time and labor spent after dismissal in an effort to show that the case would or would not have resulted in judgment for the defendant, the showing is to be based on the record made and discovery completed as of the moment of the dismissal.
Affirmed and remanded to the trial court for further proceedings consistent with this opinion.
HUBBART, NESBITT, BASKIN and JORGENSON, JJ., concur.
FERGUSON, Judge, (specially concurring).
There is no disagreement that the intent of the legislature in providing attorney's fees to the prevailing party in a medical malpractice action was to discourage nonmeritorious claims. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1147 (Fla. 1985). That purpose is effected, indirectly, by awarding attorney's fees to a defendant who prevails on the merits or shows that the action was procedurally barred. Whether a case is meritless or barred is usually decided by the trial court after the relevant facts and law have been thoroughly considered. By taking a voluntary dismissal a plaintiff heretofore has divested the trial court of its authority to consider the merits of the case. *425 Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978); Hayden v. Hayden, 373 So.2d 436 (Fla. 3d DCA 1979); Tucker v. Ayres, 336 So.2d 1224 (Fla. 1st DCA 1976). This court now gives the trial court the authority to decide, after the plaintiff has voluntarily dismissed the action, whether the defendant would have prevailed at a summary judgment hearing but for the dismissal.
A public policy which may compete with section 768.56, Florida Statutes (1983), as now interpreted, is the encouragement of voluntary dismissals. See Executive Centers of America, Inc., v. Durability Seating & Interiors, Inc., 402 So.2d 24 (Fla. 3d DCA 1981). The procedure adopted by the majority for the determination of entitlement to fees may discourage prompt dismissals. A plaintiff who, after some discovery, finds evidence which suggests that a claim against a defendant is not wellfounded would, in the normal course, voluntarily dismiss the defendant at that time. Now, in such situations, a plaintiff might be compelled to postpone dismissing the defendant and instead attempt to develop a record that will prevent the defendant from showing that there is no "genuine issue of material fact as to its liability"  at the moment the plaintiff takes the dismissal. The postponed dismissal and subsequent "summary judgment" hearing will require an investment of more attorney time and costs.
The new wrinkle now added to the what-is-a-prevailing-party dilemma, see Aristar, Inc. v. Armstrong, 497 So.2d 1267, (Fla. 3d DCA 1986) (Ferguson, J., specially concurring); McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA) (Ferguson, J., dissenting), rev. denied, 440 So.2d 352 (Fla. 1983), is that a trial court is now obligated to look behind a voluntary dismissal in medical malpractice actions, no matter the stage of the proceedings or state of the record when the dismissal is taken, to decide on less than all of the evidence whether the defendant has prevailed on the merits.
The procedure is also impractical. As one court noted, "[T]he purpose of litigation is to resolve participants' disputes, not compensate participating attorneys. Our courts are sufficiently burdened without combat kept alive solely for attorney fees." International Indus. v. Olen, 21 Cal.3d 218, 224, 577 P.2d 1031, 1035, 145 Cal. Rptr. 691, 695 (1978).
The remedy seems inappropriate to certain cases. Where the tort could have been committed by one of two or more persons, or by any number of persons, it may be imprudent not to name initially all such persons as defendants in the lawsuit (e.g., where expiration of limiting statutes is imminent), dismissing as promptly as possible those who should be excluded. That one of the named defendants may appear not culpable after discovery does not render the otherwise meritorious claim nonmeritorious for the purpose of statutory fees.
It is doubtful that the legislature intended to punish a malpractice victim for commencing a good faith action against, for example, two physicians and the hospital rendering treatment, to learn only after some discovery that one of the physicians is probably blameless. The prospect of liability for attorney's fees, even if the blameless physician is voluntarily dismissed in a timely fashion, does not encourage, but in fact discourages such dismissals, in direct contravention of public policy.
My first disagreement is with the procedure which the majority sets out to be followed on remand. First, the procedure now fashioned, which requires the court to examine the record after the dismissal, could prove onerous. More importantly, whether a defendant is entitled to a fee might depend totally on when the dismissal is taken  which is controlled by the plaintiff  rather than on the available proof.[1]
All things considered, the uncertainty as to what the legislature intended should be *426 construed against an as-a-matter-of-law award of attorney's fees in voluntary dismissal cases. Equitable considerations might justify an award of fees to the defendant hospital in this case, and I would remand for such a determination. In so doing, I would follow courts in other states which have justified post-voluntary-dismissal fee awards on equitable grounds. See cases collected in McKelvey (Ferguson, J., dissenting).
NOTES
[1] Our basis for granting rehearing en banc is that "the case is of exceptional importance." Fla.R.App.P. 9.331(a).
[2] The plaintiffs did assert that their voluntary dismissal was for "strategic reasons," believing perhaps that these words from Simmons were talismanic. But "strategic reasons," as used in Simmons, simply emphasized that the reasons were unrelated to the merits of the case. Where the defendant would not have prevailed on the merits, it does not matter why the plaintiff voluntarily dismissed the action; where the defendant would have prevailed on the merits, the plaintiff's reasons for dismissal, no matter how strategic, are irrelevant. Were the presence of strategic reasons rather than the presence of a meritorious case determinative of whether a plaintiff could avoid the assessment of attorneys' fees, plaintiffs who voluntarily dismissed cases in order to avoid summary judgment against them and the corresponding imposition of attorneys' fees would, ironically, not be subject to those fees, since dismissing a case to avoid the imposition of attorneys' fees is arguably the most strategic reason of all.
[1] The evidence produced by the plaintiff to defeat a post-dismissal summary judgment for attorney's fees could give rise to a separate claim for fees under section 57.105, Florida Statutes (1985), as frivolous. Compensation to the litigating attorneys would thus have prolonged a lawsuit long after the dispute between the parties had ended.