ON HEARING EN BANC
PER CURIAM.
Dr. Guerrero and Guerrero, M.D., P.A., appeal from the trial court’s order denying their motion for attorney’s fees. We reverse the order.[1]
The plaintiffs below, Azucena, Rafael, Lazara Concepcion and Mercedes Barbara Fonte, brought a medical malpractice action against numerous defendants, including the appellants. Following some discovery in the case, the plaintiffs settled with all of the defendants except Dr. Guerrero and another doctor. The plaintiffs took a voluntary dismissal against the remaining defendants, pursuant to Florida Rule of Civil Procedure 1.420(a). The plaintiffs stipulated in the dismissal against the other doctor that it would be with prejudice to the re-filing of the claim in return for a stipulation that they would not be responsible for the doctor’s attorney’s fees. The dismissal taken against the appellants was without stipulation.
Thereafter, the appellants filed a motion in the trial court for attorney’s fees, pursuant to section 768.56, Florida Statutes (1983). It was their contention that a voluntarily dismissed defendant is a prevailing party, or in the alternative, they were the prevailing parties, within the meaning of that section, since the statute of limitations had now run on the malpractice action and the plaintiffs would no longer be able to maintain a suit against them. The trial court denied their motion and they brought this appeal.
We agree with appellants that the facts of this case distinguish it from Simmons v. Sckimmel, 476 So.2d 1342 (Fla. 3d DCA 1985), review denied, 486 So.2d 597 (Fla. 1986), and following the rationale of this court’s majority opinion in Englander v. St. Francis Hosp., Inc., 506 So.2d 423 (Fla. 3d DCA 1987) (en banc), we reverse the trial court’s order denying the appellants’ motion for attorney’s fees and remand for further proceedings in accordance with Englander.[2]
It is so ordered.

. This court granted hearing en banc to avoid a conflict with Englander v. St. Francis Hosp., Inc., 506 So.2d 423 (Fla. 3d DCA 1987) (en banc).

. Appellants contend that since the statute of limitations has subsequently run against the plaintiffs’ claim, they are the prevailing party. We do not agree that the subsequent running of the statute makes the appellants the prevailing party. The contention that the statute has run on the Fontes’ claims is premature and wholly irrelevant based upon the test for a prevailing party, as proposed in Englander. Though the voluntarily dismissed cause has no effect upon the limitations period, Fernon v. Itkin, 476 F.Supp. 1 (M.D.Fla.1977), aff’d, 604 F.2d 669 (5th Cir.1979); see also Hamilton v. Largo Paint & Decorating, Inc., 335 So.2d 623 (Fla. 2d DCA 1976), and thus the statute of limitations bar might present a valid affirmative defense if asserted by the appellants upon the re-filing of this action, cf. Hofer v. Ross, 481 So.2d 939 (Fla. 2d DCA 1985) (statute of limitations is an affirmative defense which must be pled by the defendant to be a valid defense), it has no impact upon a determination of whether the appellants would have prevailed in the action below.