529 So.2d 824 (1988)
Cesar BREA, M.D., Appellant,
v.
Maria Isabel PEREZ-BORROTO, As Personal Representative of the Estate of Rene Perez-Borroto, Appellee.
No. 88-426.
District Court of Appeal of Florida, Third District.
August 16, 1988.
Lanza, O'Connor, Armstrong, Sinclair & Tunstall, Coral Gables, Rhea P. Grossman, Miami, for appellant.
Gerald E. Rosser, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
Finding that the trial court erred in limiting to the amount of the parties' contract an attorney's fee award under section 768.56, Florida Statutes (1983) (repealed ch. 85-175), we reverse the final judgment awarding attorney's fees. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), limits fees in contingent fee cases but does not impose the same limitations in non-contingent fee matters. Maserati Autos., Inc. v. Caplan, 522 So.2d 993 (Fla. 3d DCA 1988); Alston v. Sundeck Products, Inc., 498 So.2d 493 (Fla. 4th DCA 1986).
We certify that the decision of this court in this cause passes upon a question of great public importance:
IS THE TRIAL COURT LIMITED BY THE NON-CONTINGENT FEE AGREEMENT BETWEEN ATTORNEY AND CLIENT WHEN THE TRIAL COURT APPLIES THE PRINCIPLES SET FORTH IN FLORIDA PATIENT'S COMPENSATION FUND v. ROWE, 472 So.2d 1145 (FLA. 1985), TO DETERMINE AN ATTORNEY'S FEE AWARD PURSUANT TO SECTION 768.56, FLORIDA STATUTES (1983) (REPEALED CH. 85-175)?
Reversed and remanded.