COBB, Judge.
The plaintiff below, Marie Samero, filed an action against Jorge Muniz for replevin and payment under a promissory note. The trial court set the action for trial via written order for January 18, 1988. See Fla.R.Civ.P. 1.440(c). Apparently, the trial court attempted to reschedule the trial date for April 6, 1988 by telephone notice to the offices of the respective attorneys, but no written notice of this new trial date was ever entered or served as required by Florida Rule of Civil Procedure 1.080(h)(1).
Based on a subsequent factual determination by the trial court, it appears that counsel for the plaintiff, through no fault of his own, did not learn of the new trial date until he was telephoned at the time the trial was set to begin. As a result of this last minute notice, counsel for plaintiff “bailed out” by taking a voluntary nonsuit pursuant to Florida Rule of Civil Procedure 1.420(a). The record does not indicate that he sought a continuance based upon lack of trial notice.
The defendant Muniz then moved to tax costs pursuant to Florida Rule of Civil Procedure 1.420(d)[1] and attorney fees pursuant to section 57.105, Florida Statutes (1987).[2] The trial court found that it would be “extremely inequitable” to award fees or costs against plaintiff “at this time” and denied them "without prejudice to (Muniz) reapplying for costs and attorney fees sixty (60) days hereafter in the event plaintiff does not refile herein, or at the conclusion of these proceedings if they are refiled.” This order denying fees and costs is the subject of this appeal by Muniz.
We agree with the appellant’s reading of Rule 1.420(d). The language of the rule mandates assessment of costs in the instant (i.e., the dismissed) action. At this point, Muniz is the “prevailing party” in regard to the dismissed action. See Vidibor v. Adams, 509 So.2d 973 (Fla. 5th DCA 1987). In the event the action is refiled and the plaintiff ultimately prevails, there is authority for the proposition that she may then recoup from Muniz the costs she paid to him as the price of her voluntary dismissal. McArthur Dairy, Inc. v. Guillen, 470 So.2d 747 (Fla. 3d DCA 1985). The trial court should also resolve the attorney fee issue at the same time based upon a determination as to the complete absence of a justiciable issue of law or fact under section 57.105. See MacBain v. Bowling, 374 So.2d 75 (Fla.3d DCA 1979).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
SHARP, C.J., and ORFINGER, J., concur.

. Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.

. Attorney's fee. — The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney in any civil action in which the court finds there there was a complete absence of a justiciable issue of either law of fact raised by the complaint or defense of the losing party; provided, however, that the losing party’s attorney is not personally responsible if he has acted in good faith, based on the representations of his client.