538 So.2d 473 (1989)
Hope GOLDSTEIN and David Goldstein, Appellants,
v.
David RICHTER, M.D., et al., Appellees.
No. 87-1621.
District Court of Appeal of Florida, Fourth District.
January 18, 1989.
Rehearing Denied March 15, 1989.
*474 Scott R. Gill of Fred J. Berman, P.A., Fort Lauderdale, for appellants.
Melanie G. May of Bunnell and Woulfe, P.A., Fort Lauderdale, for appellees.
GUNTHER, Judge.
Hope and David Goldstein (Goldsteins) appeal three final orders awarding attorney's fees and costs to Dr. Anthony Visiola (Visiola).
On July 3, 1985, the Goldsteins sued several doctors, including Visiola, and a hospital for medical malpractice. On December 19, 1986, appellants scheduled the taking of Visiola's deposition for January 15, 1987. On December 22, 1986, Visiola filed a motion for summary judgment to dismiss him from the action. A hearing was scheduled on the motion for January 22, 1987. In the motion, Visiola alleged that discovery conducted in the case revealed no genuine issue of material fact as to his liability and therefore he was entitled to a summary judgment in his favor on the issue of liability.
Visiola's deposition was taken on January 15, 1987, and on January 20, 1987, approximately one and one-half years after filing suit, the Goldsteins filed a voluntary dismissal without prejudice as to Visiola. As a practical matter, the dismissal was a final disposition of the case because the statute of limitations had expired. Subsequently, Visiola sought attorney's fees pursuant to section 768.56 and section 57.105, Florida Statutes (1983), and costs. The trial court entered three orders awarding Visiola $9,266.26 for costs, attorney's fees for 86 hours at $125.00 per hour for a total of $10,750.00, and $1,782.61 for costs.
The Goldsteins contend that since Visiola did not obtain a favorable final judgment on the merits, he cannot be awarded attorney's fees under section 768.56, Florida Statutes (1983), because he is not a "prevailing party." As expected, Visiola asserts that he is a prevailing party under the statute and therefore the award of attorney's fees was proper.
Section 768.56, Florida Statutes (1983), provides that "the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital or health maintenance organization... ." The purpose of the statute is to discourage nonmeritorious medical malpractice claims. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1147 (Fla. 1985); Simmons v. Schimmel, 476 So.2d 1342, 1344 (Fla. 3d DCA 1985), rev. denied, 486 So.2d 597 (Fla. 1986).
*475 The issue in the instant case is whether a voluntary dismissal, which cannot be refiled because the statute of limitation has run, entitles the defendant to attorney's fees under the statute as a prevailing party. In Englander v. St. Francis Hospital, Inc., 506 So.2d 423 (Fla. 3d DCA 1987), the trial court denied attorney's fees to the defendant in a medical malpractice action when the plaintiff voluntarily dismissed the case. The Third District, sitting en banc, reversed the lower court and held that the defendant was a prevailing party for purposes of section 768.56. In referring to its earlier case of Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985), the Third District explained:
[A]ttempting to balance the Legislature's goal of discouraging nonmeritorious medical malpractice claims, with the general public policy of encouraging the termination of unnecessary litigation, we decided that where there was ample evidence tending to establish the defendant's liability, the defendant would not be deemed a prevailing party and would be thus not entitled to an award of attorneys' fees.
Englander, 506 So.2d at 424.
The court distinguished Englander from Simmons because the trial court in Englander did not have any evidence tending to establish the defendant's liability. According to the court,
[T]he defendant must conclusively show that there was no genuine issue of material fact as to its liability and that it would have been entitled to a judgment in its favor had the plaintiffs not dismissed the action. Because the policy of encouraging voluntary dismissals and the termination of unnecessary litigation would be severely disserved were more time and labor spent after dismissal in an effort to show that the case would or would not have resulted in judgment for the defendant, the showing is to be based on the record made and discovery completed as of the moment of the dismissal.
Englander, 506 So.2d at 424. The Englander court also explained in a footnote that:
Where the defendant would not have prevailed on the merits, it does not matter why the plaintiff voluntarily dismissed the action; where the defendant would have prevailed on the merits, the plaintiff's reasons for dismissal, no matter how strategic, are irrelevant.
Englander, 506 So.2d at 424 n. 2.
In the instant case, based on the record made and discovery completed as of the moment of the dismissal, it is clear that there was no liability on the part of Visiola. Thus, the Goldsteins' reasons for dismissal are irrelevant because the defendant would have prevailed on the merits of his motion for summary judgment. Therefore, we conclude that Visiola was the prevailing party and that the trial court did not err in awarding attorney's fees to Visiola pursuant to section 768.56, Florida Statutes (1983).
However, since it cannot be said that the Goldsteins' action against Visiola was frivolous, an award of attorney's fees under section 57.105, Florida Statutes (1983), would be improper. In the instant case, the Goldsteins commenced their suit on the basis of Hope's obvious injury and hospital records from the surgery. Although it was clear at the outset that someone may have made a mistake, it was unclear who would have been responsible. Due to the statute of limitations, appellants were required to file suit naming a number of potentially liable parties before commencing discovery which would reveal the negligent party. Although discovery established that appellee was not at fault, at the outset of the action appellants could not ascertain who was at fault. Therefore, the action was not frivolous under the circumstances of this case.
The Goldsteins also contest the amount of the award of attorney's fees. According to the Goldsteins, both the number of hours and the hourly rate used by the trial court in calculating the fees were incorrect. However, we agree with Visiola that both the number of hours and the hourly rate were supported by expert testimony. The Goldsteins assert that the $125.00 per hour rate awarded by the trial *476 court was incorrect because Visiola's counsel only billed $85.00 per hour. In Brea v. Perez-Borroto, 529 So.2d 824 (Fla. 3d DCA 1988), the court held that although Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), limits fees in contingent fee cases, the case does not impose the same limitations in non-contingent fee matters. Reversing an attorney's fee award limited to the amount of the parties contract, the Brea court found that the trial court is not limited by the non-contingent fee agreement between attorney and client when applying the principles set forth in Rowe to determine an attorney's fee award pursuant to section 768.56, Florida Statutes (1983). Id. Therefore, in the instant case, the trial court correctly based appellee's attorney's fee award on market rate for attorney's fees rather than the hourly rate billed to appellee by his counsel.
Initially, the trial court awarded Visiola $9,266.26 in costs which he now concedes was improper. However, even though the trial court subsequently entered an order properly awarding Visiola $1,782.61 in costs, the order did not clearly indicate that it amended the first order. Thus, the order awarding costs in the amount of $9,266.26 is reversed and the order awarding $1,782.61 is affirmed.
In conclusion, although attorney's fees could not have been validly awarded pursuant to section 57.105, the fees were properly awarded pursuant to section 768.56, Florida Statutes (1983), and we affirm the award. Furthermore, since the amount of the attorney's fees award was supported by the law and the record, we affirm the award of attorney's fees in the amount of $10,750.00. As to costs, we reverse the award of $9,266.26, and affirm the award of $1,782.61.
AFFIRMED IN PART, REVERSED IN PART.
LETTS and DELL, JJ., concur.