LEVY, Judge.
Plaintiff/appellant Mega Bank appeals a final judgment assessing attorney’s fees and costs in favor of defendant/appellee Telecredit Service Center, Inc. We reverse.
Mega Bank brought suit against Telecre-dit alleging breach of a servicing agreement regarding the processing of credit card deposits at the bank. Telecredit subsequently filed a motion for summary judgment claiming that Telecredit was entitled to prevail under the terms of an indemnification agreement signed by a senior vice president of the bank. The agreement provided for an award of attorneys fees and costs to the prevailing party in the event of a lawsuit. Mega Bank’s position was that the indemnification agreement was void because the bank officer did not have the authority to execute the agreement.
The hearing on the motion for summary judgment was set for April 28,1989. However, on April 19, 1989, prior to the hearing, Mega Bank filed a notice of voluntary dismissal, dismissing Telecredit from the action. Three months later, Telecredit filed a motion to tax attorney’s fees and costs. The motion was granted by the trial court.
In support of its argument that the trial court was correct in the award of attorney’s fees and costs, Telecredit alleges that, because Mega Bank voluntarily dismissed the case, Telecredit was the “prevailing party” below. This is clearly incorrect. This court stated in Englander v. St. Francis Hospital, Inc., 506 So.2d 423, 424 (Fla. 3d DCA 1987), that a defendant will be deemed a prevailing party only where the defendant, “showed that, had not the voluntary dismissal intervened, the case would have concluded with the entry of summary judgment in its favor.” We further stated that the showing as to whether the case would have resulted in summary judgment, “is to be based on the record made and discovery completed as of the moment of dismissal.” Englander v. St. Francis Hospital, Inc., 506 So.2d at 424. See also, Mekras v. Marlow, 519 So.2d 742 (Fla. 3d DCA 1988) (affirming order denying defendants’ motion for attorney fees following voluntary dismissal because no showing in record that summary judgment could have been entered in favor of defendant). Here, Telecredit was not a prevail *756 ing party because the trial judge specifically stated on the record that “I would not have granted the summary judgment” because of the conflicting testimony in the case. Accordingly, it was error for the trial court to grant Telecredit’s request for attorney’s fees and costs. We reverse the trial court’s order on the Motion to Tax Attorney's Fees and Cost, as well as the subsequent Order on the Motion to Determine Attorney’s Fees and Costs.
Reversed.