602 So.2d 600 (1992)
ROSE PRINTING COMPANY, INC., a Florida corporation, Appellant,
v.
Robert A. WILSON, Appellee.
No. 91-1593.
District Court of Appeal of Florida, First District.
June 23, 1992.
Rehearing Denied July 21, 1992.
*601 Robert M. Ervin and Robert M. Ervin, Jr. of the law firm of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for appellant.
W. Dexter Douglass of Douglass, Cooper, Coppins & Powell, Tallahassee, for appellee.
ALLEN, Judge.
Rose Printing Company, Inc., hereinafter Rose, the defendant below, appeals an order denying its motion to tax costs against Robert A. Wilson, the plaintiff below, following Wilson's voluntary dismissal without prejudice of his lawsuit. Wilson urges us to dismiss this appeal for want of jurisdiction and argues alternatively that the order should be affirmed on the merits. We treat Rose's appeal as a petition for writ of certiorari, see Chatlos v. City of Hallandale, 220 So.2d 353, 354 (Fla. 1968), Barry A. Cohen, P.A. v. LaTorre, 595 So.2d 1076 (Fla. 2d DCA 1992); Coastal Petroleum Co. v. Mobil Oil Corp., 550 So.2d 158, 159 (Fla. 1st DCA 1989), rev'd on other grounds, 583 So.2d 1022 (Fla. 1991); Keener v. Dunning, 238 So.2d 113, 114 (Fla. 4th DCA 1970); and Craft v. Clarembeaux, 162 So.2d 325, 327 (Fla. 2d DCA 1964), reject Wilson's jurisdictional argument, and quash the trial court's order.
Wilson was formerly employed as Rose's general manager pursuant to a written employment agreement. In February 1990, Wilson sued Rose, alleging that Rose had breached the agreement by firing him without paying various sums due under the agreement's severance and compensation provisions. Wilson attached a copy of the employment agreement to his complaint, the relevant portion of which provides: "In connection with any litigation arising out of this agreement the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees for such litigation and any subsequent appeals." Rose's answer prayed for dismissal of the complaint and taxation of costs and attorney's fees against Wilson. The parties engaged in discovery and the case was ultimately set for trial on December 21, 1990. On December 18, Wilson filed a notice of voluntary dismissal.
Thereafter, Rose filed a motion to tax costs and attorney's fees against Wilson, relying upon Rule 1.420(d), Florida Rules of Civil Procedure, and the costs provision of the employment agreement. Wilson urged the court to deny the motion, *602 arguing that since he had refiled his complaint against Rose and commenced another case, the court should "carry over the Defendant's alleged costs, including attorney's fees, to the Plaintiff's second action." Alternatively, Wilson argued that his voluntary dismissal was a strategic move and therefore, Rose was not the prevailing party within the meaning of the agreement's costs provision. The court noted the refiling of Wilson's case, found that his voluntary dismissal was a strategic move to avoid surprise at trial, and concluded that, under the circumstances, no prevailing party could be determined. The court's order reads in relevant part:
[I]t is hereby ORDERED and ADJUDGED that:
a) Defendant's Motion to Tax Costs is DENIED because the court deems it improper, pursuant to Rule 1.420(d), Florida Rules of Civil Procedure, to award costs at this time;
b) The costs and fees incurred by both parties [in] case number 90-480 shall be added to and considered a part of the cost and fees expended for the preparation of case number 91-485.
Wilson voluntarily dismissed his case pursuant to Rule 1.420(a)(1)(i) which, but for certain exceptions not relevant here, permits a plaintiff to dismiss his case without prejudice at any time before a hearing on a motion for summary judgment, before retirement of the jury, or before submission of a nonjury case to the court for decision. Rule 1.420(d) provides:

Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
(emphasis added). In City of Hallandale v. Chatlos, 236 So.2d 761, 763 (Fla. 1970), the supreme court interpreted the first sentence of this rule "to mean that costs, including attorney's fees, are to be assessed and judgment entered for them in the same action which is the subject of voluntary dismissal under R.C.P. 1.420(a)." In Keener v. Dunning, 238 So.2d 113, 114 (Fla. 4th DCA 1970), the court found error in the trial judge's decision to defer ruling upon the defendant's motion to tax certain costs when the motion was filed after the plaintiff's voluntary dismissal and the judge deferred ruling thereon pending resolution of the plaintiff's refiled case. The court explained:
Where a cause is voluntarily dismissed by a plaintiff under Rule 1.420(a)(1), F.R.C.P., and a motion is filed in the cause to tax costs, the trial judge should specifically rule in that cause on the taxability of each cost item sought to be taxed. Thereafter, the trial judge should enter a judgment assessing against the dismissing party those items of costs determined to be taxable. He has, however, no authority to defer a ruling on costs pending the outcome of other actions.
Keener, 238 So.2d at 114.
We approved this language from Keener in Troutman Enterprises, Inc. v. Robertson, 273 So.2d 11, 12 (Fla. 1st DCA 1973). Similarly, in Field v. Nelson, 380 So.2d 547 (Fla. 2d DCA 1980), the court determined that, after a voluntary dismissal, a trial judge has no authority to defer the defendant's collection of costs pending the conclusion of the plaintiff's refiled suit and no authority to refuse to stay the second action, notwithstanding Rule 1.420(d)'s "as it may deem proper" language. See also, McKelvey v. Kismet, Inc., 430 So.2d 919, 920-21 (Fla. 3d DCA) (under Rule 1.420(d), costs are to be assessed immediately after a dismissal is entered and any subsequent suit on the same claim must be stayed until all of the costs awarded in the initial suit are paid), rev. denied, 440 So.2d 352 (Fla. 1983); Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234, 1235 (Fla. 4th DCA 1976) (a trial judge has no authority to defer a ruling on costs pending the outcome of another action and if a new *603 action is brought on the previously dismissed claim, the judge must stay the proceedings until its order for payment of costs is complied with); and Roundtree v. Hartford Accident and Indemnity, 327 So.2d 882, 883 (Fla. 3d DCA 1976) (costs must be assessed in the dismissed action, not in a second action brought on the same claim).
In light of these authorities, we conclude that the judge's denial of Rose's motion to tax costs was a departure from the essential requirements of law, as was his decision to add to the costs and fees of the refiled action, those costs and fees Rose incurred in defense of this suit. We have not overlooked Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022, 1025 (Fla. 1991), in which the supreme court said:
When a voluntary dismissal occurs after an opposing party has incurred legitimate trial-preparation expenses, we believe the trial court properly may entertain a motion to award costs against the dismissing party. This is a matter largely left to the discretion of the trial court. As a general rule, we believe these costs should not exceed the amount that reasonably would have been awarded had the precise same expenditures occurred in litigation that actually went to trial.
(emphasis added). We reject Wilson's suggestion that, by referring to the trial judge's discretion to entertain a motion to award costs after a voluntary dismissal, the supreme court intended to modify the plain language of Rule 1.420(d) or overrule, sub silentio, the long-standing rules represented by Chatlos, Keener and the other decisions discussed above. In our view, the court's language was meant to simply underscore the discretion that a trial judge exercises when considering which costs to tax.
Although Rule 1.420(d) does not contemplate the assessment of attorney's fees and the term "costs" is not generally understood to include such fees, Wiggins v. Wiggins, 446 So.2d 1078, 1079 (Fla. 1984), it has long been clear that when a statute or contractual agreement defines costs to include attorney's fees, the fees should be taxed just like other costs under the Rule. See, e.g., Century Constr. Corp. v. Koss, 559 So.2d 611, 612 (Fla. 1st DCA), rev. denied, 574 So.2d 141 (Fla. 1990); Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp., 493 So.2d 1136, 1137 (Fla. 4th DCA 1986); McKelvey, 430 So.2d at 922; and Gordon, 340 So.2d at 1235, cited with approval in, Wiggins, 446 So.2d at 1079.
The employment agreement in this case reflects the parties' intent to treat attorney's fees as taxable costs to be awarded the prevailing party in any litigation arising out of the agreement. Cf. Gordon, 340 So.2d at 1235. Thus, the trial judge erred when he denied Rose's motion to tax the fees and deferred any assessment of the fees until the disposition of Wilson's refiled suit. We note Wilson's reliance upon Simmons v. Schimmel, 476 So.2d 1342, 1345 (Fla. 3d DCA 1985), review denied, 486 So.2d 597 (Fla. 1986), and the "strategic dismissal" theory developed therein, but find his reliance misplaced. In Simmons, the court observed that the plaintiff's voluntary dismissal was a strategic move and it found error in the judge's taxation of the defendant's attorney's fees against the plaintiff. Interpreting section 768.56, Florida Statutes (1981), which authorized an award of fees to the prevailing party in a medical malpractice action, the court held:
Thus, although a formal merits determination is not necessary to support a fee award made pursuant to a statute allowing the award to the prevailing party, there must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed.
Simmons, 476 So.2d at 1345, cited with approval in, Thornber v. City of Ft. Walton Beach, 568 So.2d 914, 919 (Fla. 1990). See also, Englander v. St. Francis Hosp., Inc., 506 So.2d 423, 424 (Fla. 3d DCA 1987) (en banc); Mega Bank v. Telecredit Serv. Center, 592 So.2d 755 (Fla. 3d DCA 1992); and Goldstein v. Richter, 538 So.2d 473, 475 (Fla. 4th DCA 1989). But see, Dam v. Heart of Florida Hosp., Inc., 536 So.2d 1177, 1178 (Fla. 2d DCA 1989); and Vidibor v. Adams, 509 So.2d 973, 974 (Fla. 5th *604 DCA 1987) (rejecting Simmons). Because the fee award in this case flows from the parties' agreement to treat fees as taxable costs, and not from a statute awarding attorney's fees to the prevailing party, Simmons and its progeny have no application. Indeed, the Simmons court recognized the inapplicability of its rule to cases like this one. See Simmons, 476 So.2d at 1345, n. 3.
Finally, in response to Wilson's assertion that an award of fees and costs under these circumstances will have a chilling effect upon a plaintiff's right to voluntarily dismiss his case, we note our agreement with McArthur Dairy, Inc. v. Guillen, 470 So.2d 747, 749 (Fla. 3d DCA 1985), in which the court held that a plaintiff who has once voluntarily dismissed his case and paid costs to the defendant as a prerequisite to maintaining a second action against him on the same claim, may recover from the defendant some of the costs paid upon prevailing in the second action. As explained in Guillen, 470 So.2d at 749:
We therefore hold that a plaintiff is entitled to recover those costs paid to a defendant which would have been expended by the defendant even if the case had not been voluntarily dismissed ab initio. Correlatively, we think it only fair, and thus hold, that where the plaintiff's voluntary dismissal causes a duplication in the defendant's costs, the plaintiff is not entitled to those costs, since the defendant would not have incurred them but for the voluntary dismissal. Thus, for example, if the plaintiff's action is voluntarily dismissed after the defendant has expended trial witness fees and like costs relating to the trial, such costs, because they must be expended again at a second trial, are a consequence of the voluntary dismissal and should not be recovered by the plaintiff, notwithstanding that the plaintiff ultimately prevails. On the other hand, if the defendant has been paid for the cost of taking a witness deposition, a cost which need not be incurred again in preparation for the second action, the prevailing plaintiff should recover this cost which he has been forced to pay to the defendant.
See also, Muniz v. Samero, 534 So.2d 848, 849 (Fla. 5th DCA 1988).
Accordingly, we grant the petition for writ of certiorari and quash the trial judge's order denying Rose's motion to tax costs. Upon reconsideration of Rose's motion, the trial judge should apply the analysis announced by the supreme court in Coastal Petroleum, 583 So.2d at 1025-26.
SMITH and ZEHMER, JJ., concur.