690 So.2d 640 (1997)
BOCA AIRPORT, INC., d/b/a Boca Aviation, Appellant,
v.
ROLL-N-ROASTER OF BOCA, INC., Appellee.
No. 96-0262.
District Court of Appeal of Florida, Fourth District.
March 5, 1997.
Rehearing Denied April 14, 1997.
*641 John F. Mariani and Christopher C. Copeland of Levy, Kneen, Mariani, Curtin, Wiener, Kornfeld & del Russo, P.A., West Palm Beach, for appellant.
Daniel M. Landis of Tedesco & Landis, P.A., Boca Raton, for appellee.
FARMER, Judge.
In affirming the award of prevailing party attorney's fees, after a voluntary dismissal, in favor of defendant, we write only to make clear the current state of the law on the subject.
In Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986) and Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976), we held that "when a plaintiff takes a voluntary dismissal the defendant is the prevailing party." In Goldstein v. Richter, 538 So.2d 473 (Fla. 4th DCA 1989), however, we followed the decision of the Third District in Englander v. St. Francis Hospital, Inc., 506 So.2d 423 (Fla. 3d DCA 1987), to determine whether a defendant was a prevailing party for purposes of prevailing party attorney's fees after a voluntary dismissal. The Englander test involves an analysis as to whether the defendant has conclusively shown that he would not have been found liable on plaintiff's dismissed claim had the case been actually determined on its merits.
In Thornber v. City of Ft. Walton Beach, 568 So.2d 914 (Fla.1990), the supreme court held:
"In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. Stuart Plaza, Ltd. v. Atlantic Coast Development Corp., 493 So.2d 1136 (Fla. 4th DCA 1986). A determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party. Metropolitan Dade County v. Evans, 474 So.2d 392 (Fla. 3d DCA 1985); State Department of Health & Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982). There must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed. Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985), review denied, 486 So.2d 597 (Fla.1986)."
568 So.2d at 919. Under this holding, for purposes of a prevailing party attorney's fees statute, a voluntary dismissal by the claimant makes the opposing party a "prevailing party" as to the issue of entitlement to fees. We apparently followed this logic in Griffin v. Berkley South Condo. Ass'n, 661 So.2d 135 (Fla. 4th DCA 1995), citing Stuart Plaza, but not mentioning Goldstein.
It is clear since Thornber that Stuart Plaza and Gordon state the correct rule and that Goldstein has been tacitly disapproved by the supreme court. In affirming the award in this case, we are obliged to follow Thornber, Stuart Plaza and Gordon.
AFFIRMED.
GUNTHER, C.J., and POLEN, J., concur.