COHEN, J.
 

 This is the second appeal in this foreclosure proceeding. In the parties’ earlier appeal,
 
 Shepheard v. Deutsche Bank Trust Co. Americas,
 
 922 So.2d 340 (Fla. 5th DCA 2006), this court reversed a final judgment in the bank’s favor as to Appellant due to non-service. Upon remand, Appellee filed a new foreclosure action against Appellant, who sought dismissal because the initial foreclosure case remained pending. Consequently, pursuant to Florida Rule of Civil Procedure 1.420(a), Deutsche Bank dismissed Appellant as a party and pursued the refiled foreclosure action.
 

 Appellant moved for an award of prevailing party attorney’s fees and costs and to stay the second foreclosure proceedings pursuant to Florida Rule of Civil Procedure 1.420(d). She sought attorney’s fees for the trial court and appellate proceedings because this court granted her motion for attorney’s fees in the first appeal. After a hearing, the trial court denied Appellant’s motion for attorney’s fees until it rendered a determination on the merits, but awarded her costs and stayed the proceeding pending payment. Because the trial court was without authority to defer the assessment of costs
 
 [1]
 
 under rule 1.420(d), we reverse the trial court’s order and remand for the determination and assessment of reasonable attorney’s fees in favor of Appellant.
 
 See Wilson v. Rose Printing Co., Inc.,
 
 624 So.2d 257, 258 (Fla.1993).
 

 We have rejected the view that a party taking a voluntary dismissal can do so for strategic reasons and thereby prevent the other party from being determined the “prevailing party.”
 
 Vidibor v. Adams,
 
 509 So.2d 973, 974 (Fla. 5th DCA 1987). If, however, Appellee ultimately prevails in the refiled action, then it may recoup from Appellant the costs it paid for its voluntary dismissal.
 
 See Muniz v. Samero,
 
 534 So.2d 848, 849 (Fla. 5th DCA 1988).
 

 Accordingly, we reverse the trial court’s order denying Appellant attorney’s fees and remand for the trial court to assess a reasonable attorney’s fee for the trial court proceeding and the earlier appeal.
 

 REVERSED and REMANDED.
 

 GRIFFIN and ORFINGER, JJ., concur.
 

 [1]
 

 . The promissory note required Appellant to reimburse Appellee for costs, including reasonable attorney's fees, incurred in enforcing the agreement. Section 57.105(5), Florida Statutes (2009), makes reciprocal any unilateral contractual provision allowing an award of prevailing party attorney’s fees.