ALTENBERND, Judge.
The United States of America appeals a judgment awarding attorney’s fees against it in a mortgage foreclosure action in which Ragna Irene Wonders was the prevailing party. Although the promissory note contained a provision allowing the United States to recover attorney’s fees if it prevailed and despite the fact that Florida has a statute that requires attorney’s fees to be awardable to Ms. Wonders in this case, we must yield to the supremacy of the United States and honor its claim of sovereign immunity. Accordingly, we reverse the judgment awarding attorney’s fees.
Acting through Rural Development, formerly known as the Farmers Home Administration of the United States Department of Agriculture, the United States extended a home loan to Ms. Wonders in the amount of $129,000, which was secured by a mortgage on her house. Ms. Wonders apparently made payments for approximately a year on this loan while disputing the interest rate. She claimed that the loan had been negotiated with an interest rate of 4% but that the United States was charging her 6%.
When the United States filed this foreclosure action, Ms. Wonders retained an attorney who prepared pleadings and affidavits for her. She filed a counterclaim for negligent misrepresentation and sought rescission of the loan. The case ultimately was tried without a jury. The trial court dismissed the claim of the United States with prejudice and rescinded the loan and mortgage. The rescission resulted in a conveyance of the house to the United States, but it was ordered to cease and desist in its efforts to take Ms. Wonders’ tax refund and in all other efforts to collect sums from her. The United States does not dispute that Ms. Wonders was the prevailing party in this action.
After prevailing in the action, Ms. Wonders filed a motion for attorney’s fees, relying on the attorney’s fee provision in the promissory note and the language in section 57.105(7), Florida Statutes (2008), which makes such clauses reciprocal. The *546 United States responded to the motion, raising its sovereign immunity and supremacy. Without explaining its ruling, the trial court granted Ms. Wonders’ attorney a reasonable fee for his work in this matter. The United States appeals.
Although Ms. Wonders would have been entitled to an award of attorney’s fees if the loan had been extended by any commercial bank, we must reverse this judgment. The law is clear that even when the United States initiates litigation in a state court in a context such as this, state laws providing for attorney’s fees against the losing party cannot be enforced against the United States. See, e.g., United States v. Morrison, 28 So.3d 94, 101-02 (Fla. 1st DCA 2009) (recognizing that absent a waiver, sovereign immunity shields the federal government from claims for damages and that while an opposing party may file a cross action in response to a suit filed by the United States, the countersuit is permissible only to the extent that it seeks to reduce the amount owed to the United States). The United States has sovereign immunity, which we are bound to honor when it refuses to waive that immunity. Thus, in our modest contribution to federal deficit reduction, we reverse the judgment on appeal and direct the trial court to deny the motion on remand.
Reversed and remanded.
NORTHCUTT and MORRIS, JJ., Concur.