SHEPHERD, J.,
concurring.
Appellant-borrower, Monica Vives, contends on rehearing that the court overlooked or misapplied the reciprocality provision, found in section 57.105(7) of the Florida Statutes (2012),[1] by failing to award her 'attorney fees as the prevailing party on appeal in this mortgage foreclosure action. I disagree.
Ms. Vives moved for attorney fees based not upon the fee provision in the mortgage, but rather a fee provision[2] in the promisso *17 ry note, which the mortgage secured. There is a difference. Bank of New York Mellon v. Reyes, 126 So.3d 304, 308 (Fla. 3d DCA Mar. 20, 2013) (citing Taylor v. Am. Nat’l Bank of Pensacola, 63 Fla. 631, 57 So. 678 (1912) (quoting Thorpe v. Mindeman, 123 Wis. 149, 101 N.W. 417, 420 (Wis.1904) (“The promise to pay is one distinct agreement, and, ... [t]he pledge of real estate to secure that promise is another....”))). See also Deutsche Bank Nat’l Trust Co. v. Clarke, 87 So.3d 58, 61 (Fla. 4th DCA 2012). A mortgage is incidental to the note and serves to secure the debt evidenced therein. See Deutsche Bank, 87 So.3d at 61. Upon default, the mortgagee may elect to exercise its rights under either document without barring the alternate remedy. 55 Am.Jur.2d Mortgages § 452 (2012); see also Royal Palm Corp. Ctr. Ass’n v. PNC Bank, 89 So.3d 923, 929-30 (Fla. 4th DCA 2012) (recognizing that foreclosure of a mortgage and suit on a promissory note are separate and distinct remedies available to a lender-mortgagee upon default); Sims v. New Falls Corp., 37 So.3d 358, 360 (Fla. 3d DCA 2010). In this case, the lender chose to proceed under the mortgage.[3]
Some of our sister courts have conflated the two documents to suggest the recipro-cality provision of section 57.105(7) of the Florida Statutes affords attorney fees in a mortgage foreclosure action on the strength of a unilateral fee provision in a promissory note. See United States v. Wonders, 86 So.3d 544 (Fla. 2d DCA 2012); Shepheard v. Deutsche Bank Trust Co., 38 So.3d 825 (Fla. 5th DCA 2010); Landry v. Countrywide Home Loans, Inc., 731 So.2d 137 (Fla. 1st DCA 1999). However, these cases are bereft of analysis and in one case, United States v. Wonders, dicta. Moreover, the above cases do not consider the unique characteristics that inhere in a promissory note — transferability, indifference to who actually holds the note and how he obtained it for bearer instruments, and limitations on defenses against a claim by a “holder in due course” — which appear at first glance to distinguish suits on promissory notes from the type of contract litigation the drafters of section 57.105(7) probably had in mind when the provision first appeared in the Florida Statutes in 1988. See Laws of Fla., ch. 88-160 § 1 (1988).
In this case, however, the fact the lender did not bring suit on the promissory note is sufficient.

. Section 57.105(7) states:
If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.

. The fee provision reads:
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, whether or not a lawsuit is filed. Those expenses include, for example, reasonable attorney’s fees.

. The dissent expresses the view that because the complaint for foreclosure declared the note in default and requested the trial court to retain jurisdiction to enter a deficiency, “Wells Fargo necessarily sought relief under the promissory note.” See supra p. 18. The dissent is incorrect. A prayer for a deficiency decree is a claim in equity awardable in the "sound judicial discretion” of the trial court. See, e.g., Carlson v. Becker, 45 So.2d 116, 116 (Fla. 1950); Komfeld v. Diaz, 634 So.2d 799 (Fla. 4th DCA 1994); Wilson v. Adams & Fusselle, Inc., 467 So.2d 345 (Fla. 2d DCA 1985) (addressing deficiency judgments). A suit on a promissory note is an action at law. See Mary Dee’s, Inc. v. Tartamella, 492 So.2d 815 (Fla. 4th DCA 1986); Lear v. Meigs, 188 So.2d 349 (Fla. 1st DCA 1966). Either can be pursued in conjunction with a foreclosure action. Royal Palm Corp. Ctr. Ass’n v. PNC Bank, NA, 89 So.3d 923, 931 (Fla. 4th DCA 2012). Neither is precluded until there is an actual adjudication on the merits of the other. Capital Bank v. Needle, 596 So.2d 1134, 1136-37 (Fla. 4th DCA 1992). In this case, the lender has asserted a claim for a deficiency judgment. There has been no adjudication on this prayer.