JOHNSON, Judge.
This is an appeal from a final judgment entered in October, 1970, by the Circuit Court of Marion County, Florida, in which the trial court restrained and enjoined the defendant (appellant) H. S. Buchanan, from further conducting his feed lot facility in a manner which caused odors, flies or other conditions which annoy, harass or cause discomfort to the plaintiffs in the ordinary and free use, possession or enjoyment of their property. Further, the Court gave the defendant ninety (90) days within which to modify his present feed lot facility and operations so that they will comply with the order of this Court.
In the twelve page final judgment entered, the trial judge gave a very detailed and accurate summary of the testimony given at the trial as well as by some depositions.
We can agree with the trial court to the extent that'the defendant cannot so use his property as to create a nuisance to his neighbors, as the term is defined in law; but, we are of the opinion, and so hold, that the injunction and restraining order was so broad as to amount to a confiscation of appellant’s property or at least it would prohibit the appellant from oper *55 ating his feed lot, unless said injunction and restraining order is not modified.
We are aware that an appellate court should be very careful before it substitutes its judgment for that of the trial court on the questions of fact, controverted or not; but the appellate court should at least do its duty to correct the ruling wherein the appellate court thinks a contrary conclusion should have been reached by the trial court, whether from the facts testified to or to the wrong application of the law thereto.
In this case, we think it was error for the trial court to give any merit to the so-called expert witness, Mr. Jones, having to do with the availability of Federal money from which defendant could use money to correct some facet of his operation. At most, this was an opinion without foundation. Some of the suggested methods of solving the problem, from expert witnesses, were so unpractical that the trial court should have rejected such testimony.
We are also aware of the fact that the general area of the lands in question is for agricultural. In fact, some of the plaintiffs use their lands for cattle raising, adjacent to the defendant’s property.
It is also axiomatic that it is impossible to operate a feed lot for cattle without some odor or stench, as well as the attracting of flies, emanating therefrom, the trial court indicating as much. The question then arises as to whether or not the defendant’s operation is so operated to so reduce the odor and stench and flies to a reasonable, practical level or not; or can it be so operated, economically, by making changes which are practical from an investment point of view so as to so modify the facility and operation so as to reduce the complained of conditions to such extent as to render such operation no longer actionable as a nuisance.
We have carefully considered the testimony, which was actually taken approximately two years before the entry of the final judgment, and have reached the conclusion that some of the expert witness’s testimony was impractical, and that most of the witnesses testified, with some variance, that the conditions are better than when the suit was filed. Also, the defendant testified, that in times of excessive rains, the tanks overflowed and the overflow went back into the pond or low area to the south of the feed lot. This was found to be a breeding ground for flies. This, we think, is one facet of the operation which should be corrected.
We are of the opinion that this case should be remanded to the lower court for .the taking of further testimony, from all parties, to determine whether the conditions have so improved with the defendant’s operation that it no longer harasses the neighbors, and also the taking of testimony from which the trial court can lay guidelines from which the defendant can be guided in the reasonable changes to be made to comply with the order of the court.
The judgment appealed from is therefore reversed and the case remanded for further testimony and new final judgment, not in conflict with the suggestions of this opinion.
Reversed and remanded.
RAWLS, J., concurs.
SPECTOR, C. J., specially concurs.