PER CURIAM.
A writ of certiorari was granted in this cause to resolve a conflict between the opinion of the District Court of Appeal below, reported at 257 So.2d 54 (1st D.C.A., Fla. 1972) and Greenwood v. Oates, 251 So.2d 665 (Fla.1971). Article V, Section 4(2), Florida Constitution, F.S.A.
The facts are adequately set forth in the District Court’s opinion. We focus here only on the language giving rise to conflict. The District Court said, in part:
“We are aware that an appellate court should be very careful before it substitutes its judgment for that of the trial court on the questions of fact, controverted or not; but the appellate court should at least do its duty to correct the ruling wherein the appellate court thinks a contrary conclusion should have been reached by the trial court, whether from the facts testified to or to the wrong application of the law thereto.
“In this case, we think it was error for the trial court to give any merit to the so-called expert witness, Mr. Jones, having to do with the availability of Federal money from which defendant could use money to correct some facet of his operation. At most, this was an opinion without foundation. Some of the suggested methods of solving the problem, from expert witnesses, were so unpractical that the trial court should have rejected such testimony.” (Emphasis supplied.)
Compare the above with this excerpt from Greenwood v. Oates, supra:
“Clearly, it is not the function of an appellate court to substitute its judgment for that of the trier of fact, be it a jury or a trial judge. Accordingly, although an appellate court might have reached a different conclusion had it been the initial arbitrator of the factual issues, if a review of the record reflects competent, substantial evidence supporting the findings of the chancellor, the judgment should be affirmed. (Citations omitted)”
In the instant case, the District Court below determined that it could render an independent judgment on the facts, even though the evidence adduced below was not challenged. It also determined that certain unchallenged expert testimony was “so unpractical that the trial court should have rejected such testimony.” The inherent danger of this approach, of course, is that it weakens the appellate process by suggesting that deviation from neutral standards of appellate review is permissible if the appellate court is offended by evidence and testimony unchallenged by the litigants within the adversary process, and accepted by the trial judge. Although we do not attribute this attitude to the District Court, the language used below can be construed as precedent for such an approach. To the extent that the quoted passages conflict with the philosophy set out in the language from Greenwood v. Oates, supra, the passages are expressly disapproved.
Considering the span of time which has passed between initiation of the suit in the Marion County Circuit Court and the present, and the possibility that conditions and possible remedies may have changed substantially in the interim, we agree with the District Court that the cause should be *377 remanded for further testimony, and a new final judgment, if warranted.
The cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and ADKINS, JJ, concur.
BOYD, J, dissents with opinion.