BOYER, Judge.
This case, which is now entering its eighth year, has been extensively litigated. It began in 1967, when the appellees, plaintiffs below, commenced an action for in-junctive relief against the appellant for the abatement of an alleged private nuisance, arising out of the operation of appellant’s cattle feed-lot in Marion County. On -October 29, 1970, the trial court rendered final judgment, issuing an injunction against the appellant.
On appeal, this Court reversed, finding that the injunction was overly broad and remanded the case for further testimony and a new final judgment. (Buchanan v. Golden Hills Turf & Country Club, Inc., Fla.App. 1st 1972, 257 So.2d 54).
The Florida Supreme Court issued a writ of certiorari and, in a per curiam *169 opinion, expressly disapproved the following passages contained in this Court’s opinion :
“ ‘We are aware that an appellate court should be very careful before it substitutes its judgment for that of the trial court on the questions of fact, controverted or not; but the appellate court should at least do its duty to correct the ruling wherein the appellate court thinks a contrary conclusion should have been reached by the trial court, whether from the facts testified to or to the wrong application of the law thereto.
“ 'In this case, we think it was error for the trial court to give any merit to the so-called expert witness, Mr. Jones, having to do with the availability of Federal money from which defendant could use money to correct some facet of his operation. At most, this was an opinion without foundation. Some of the suggested methods of solving the problem, from expert witnesses, were so unpractical that the trial court should have rejected such testimony.’ ” (Emphasis not added; 273 So.2d at page 376)
The Supreme Court, noting the possibility that conditions and possible remedies may have changed during the span of time which passed between the initiation of the suit and review by certiorari, agreed with this Court that the cause should be remanded for further testimony and a new final judgment, if warranted. (Golden Hills Turf & Country Club v. Buchanan, Sup.Ct. Fla.1973, 273 So.2d 375).
By order on mandate, this Court set aside its original judgment and specifically adopted the opinion and judgment of the Supreme Court as to this Court’s opinion and judgment.
On January 3, 1973, two days before the final hearing following our mandate in this cause, counsel for appellee filed a petition for intervention on behalf of numerous persons who are present and future owners of residences in the Golden Hills Turf and Country Club Subdivision. On the day of the final hearing, appellees’ attorney filed a second petition for intervention in representation of a class of parties who are lot owners in the subdivision. Immediately prior to the final hearing, the trial court granted both petitions and also ruled that the burden of proof was on the appellant to make a showing that conditions and remedies had changed substantially in the interim between the former trial and the present final hearing. At the conclusion of the hearing, the trial court found that conditions had not substantially changed and therefore entered an order affirming and continuing in force its original, 1970 final judgment.
On this appeal, appellant raises three points for our consideration. Two of these points revolve around an interpretation of the Supreme Court’s opinion in this cause. Appellant argues that that decision did not reverse this Court’s opinion which reversed the trial court’s 1970 final judgment, but only modified it, so as to expunge certain passages quoted therein: Consequently arguing that this Court’s order on mandate which set aside this Court’s former judgment is therefore inconsistent with the express provisions of the Supreme Court’s opinion and should be corrected by this Court as a mere clerical error. Moreover, appellant urges that a reading of the opinions in this case will reveal that both this Court and the Supreme Court in remanding this cause for the taking of additional testimony intended for the appellee to bear the burden of proving that the nuisance persisted after so long a time. Thus, according to the appellant’s logic, the trial court erred in ruling that the appellant had the burden of showing that conditions and remedies had changed substantially in the interim between the former trial and the taking of further testimony and further erred in its order made at the conclusion of the final hearing which purported to *170 confirm and continue to enforce its final judgment of 1970.
. We cannot accept appellant’s interpretation of the Supreme Court’s opinion in this cause. The Supreme Court’s opinion substantially modified this Court’s former opinion which had reversed and remanded the cause, based on specific findings of error by the court below. Recognizing the extent to which its former opinion had been modified, this Court by its order on mandate of March 16, 1973, held its former opinion for naught and adopted the opinion of the Supreme Court as this Court’s opinion. As far as this appeal is concerned, the most significant paragraph of the Supreme Court’s opinion is the following:
“Considering the span of time which has passed between initiation of the suit in the Marion County Circuit Court and the present, and the possibility that conditions and possible remedies may have changed substantially in the interim, we agree with the District Court that the cause should be remanded for further testimony, and a new final judgment, if warranted.” (273 So.2d at pages 377—378)
An examination of the above-quoted paragraph determines two of the points raised by appellant on appeal. First, we note that the Supreme Court held “ . . . that the cause should be remanded for further testimony, and a new final judgment, if warranted.” (Emphasis added) Had the final hearing below produced evidence which warranted a new final judgment, the trial court would assuredly have issued one. However, the trial court, after considering the evidence, determined that the evidence did not call for the entry of a new final judgment. Therefore, the trial court quite properly ordered that its original 1970 final judgment be confirmed and continued in force. Second, the Supreme Court set forth its reasons for remanding the case for further testimony, to wit: “Considering the span of time which has passed between initiation of the suit in Marion County Circuit Court and the present, and the possibility that conditions and possible remedies may have changed substantially in the interim . ” Faced with the foregoing passage, should the trial court have ruled that the appellee had the burden of proving that conditions and possible remedies had not changed substantially in the interim, or on the other hand, should it have ruled that the appellant had the burden of proving that conditions and possible remedies had changed substantially in the interim? Because the appellee had already carried its original burden of proof in obtaining the 1970 final judgment and because it was the appellant, not the appellee, who was seeking the entry of a new final judgment, we find that the trial court was correct in placing the burden of proof on the appellant.
Finally, appellant contends that the trial court erred in granting the petitions for leave to intervene which were filed immediately prior to the final hearing on the merits. Appellant points to the general rule that intervention may not be allowed after final judgment. (Dickinson v. Segal, Fla. 1969, 219 So.2d 435). However, such a rule has no application to a case such as the one sub judice in which the cause was remanded to the trial court by the Supreme Court to take further testimony to determine if the entry of a new judgment was warranted. At worst, granting of the petitions for intervention was harmless error (if error at all) since, when the court below determined at the end of the appellant’s evidence that the appellant had failed to show a substantial change in conditions and remedies, no testimony had been offered by the parties who were allowed to intervene. Therefore, appellant’s objection to the trial court’s granting of the motions to intervene is without merit.
*171 The alleged errors complained of having been found to be unsupported by the law or the facts as contained in the record, the trial court’s order affirming and continuing in force its original final judgment in this cause is
Affirmed.
RAWLS, C. J., and McCORD, J., concur.