550 So.2d 158 (1989)
COASTAL PETROLEUM COMPANY, Petitioner,
v.
MOBIL OIL CORPORATION, Respondent.
No. 88-119.
District Court of Appeal of Florida, First District.
October 19, 1989.
William J. Peebles of Moore, Williams & Bryant, Robert J. Angerer, Joseph C. Jacobs of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, and C. Dean Reasoner of *159 Reasoner, Davis & Fox, Washington, D.C., for petitioner.
Julian Clarkson, Robert R. Feagin, III, and Michael L. Rosen of Holland & Knight, Tallahassee, for respondent.
PER CURIAM.
Petitioner, Coastal Petroleum Company, seeks a writ of certiorari to review a costs judgment entered by the circuit court following a voluntary dismissal pursuant to Rule 1.420(d), Florida Rules of Civil Procedure. To obtain relief by certiorari, a petitioner must show that an inferior tribunal exceeded its jurisdiction or departed from the essential requirements of law. Brooks v. Owens, 97 So.2d 693 (Fla. 1957), and Vicorp Restaurants, Inc. v. Aridi, 510 So.2d 1082 (Fla. 1st DCA 1987). Upon review of the petition, we find that petitioner has failed to carry that burden. Therefore, we deny the petition.
The litigation between these two parties began in 1976 when Mobil Oil Company, the respondent, filed suit in Leon County Circuit Court seeking an interest in certain leases Coastal had signed with the State of Florida. Coastal filed five counterclaims. In 1977, the Trustees of the Internal Improvement Trust Fund of the Florida Department of Natural Resources (hereafter, "Trustees") were joined as a necessary party and filed their own counterclaim.
In a non-jury trial, Mobil prevailed on its claims against Coastal and also prevailed on the two counterclaims of Coastal which were tried. We affirmed. Coastal Petroleum Co. v. Mobil Oil Corp., 378 So.2d 336 (Fla. 1st DCA), cert. denied, 386 So.2d 635 (Fla. 1980). Coastal was assessed and paid costs. Three of Coastal's counterclaims, as well as the Trustee's counterclaim, remained to be tried.
Subsequently, Mobil filed a reply counterclaim against Coastal and the Trustees, both of whom removed the reply counterclaim to the Federal District Court for the Northern District of Florida. Mobil objected to the removal arguing that the federal court lacked subject matter jurisdiction.
Mobil's motion for a remand to the state court was denied, and a jury trial was held on one of Coastal's remaining counterclaims. A verdict was returned for Coastal and Mobil appealed to the Eleventh Circuit. Shortly before trial was to begin on one of the two remaining counterclaims of Coastal, the Eleventh Circuit ruled that the federal district court lacked jurisdiction. Hence, the judgment for Coastal was reversed, and the entire suit was remanded to Leon County Circuit Court. See Mobil Oil Corp. v. Coastal Petroleum, 671 F.2d 419 (11th Cir.), cert. denied, 459 U.S. 970, 103 S.Ct. 300, 74 L.Ed.2d 281 (1982). The federal district court retained jurisdiction to award those costs occasioned by the wrongful removal as provided in 28 U.S.C. § 1447 (c) (1976).
Upon remand, the suit consisted of Coastal's remaining three counterclaims, the Trustee's counterclaim and Mobil's reply-counterclaim. Mobil and Coastal subsequently settled one of Coastal's counterclaims. The remaining two counterclaims of Coastal, the Trustee's counterclaim and the reply counterclaim were pending when Coastal filed a voluntary dismissal of its remaining counterclaims in January 1987. Mobil subsequently dismissed its reply counterclaim which presented an issue the Florida Supreme Court had ruled, in separate litigation, was in rem and local only to Polk County Circuit Court. See Coastal Petroleum v. American Cynamid, 492 So.2d 339 (Fla. 1986). Mobil then settled with the Trustees on the remaining claims in Leon and Polk Counties.
Following the dismissal and settlement of all the claims, Mobil filed a Motion for Costs Judgment in Leon County Circuit Court. An evidentiary hearing was held following which a judgment of costs was entered against Coastal for $2,117,992.34. Coastal has petitioned for a writ of certiorari seeking review of this judgment. We find that certiorari is the proper method of review in this case because the costs judgment did not follow a final order but rather a voluntary dismissal.
Coastal raises five issues, which it contends demonstrate the trial court's departure from the essential requirements of law *160 or a ruling in excess of its jurisdiction. Of the five issues raised, only the one involving expert witness fees and costs merits extended discussion.[1]
The costs judgment included costs for expert witnesses who never testified because the remaining claims were dismissed. Coastal argues that the recovery of expert witness costs was in error since expert witness fees can be recovered only when the expert has testified. We disagree.
Rule 1.420(d), Florida Rules of Civil Procedure, provides that upon voluntary or involuntary dismissal, "costs" may be assessed. The rule does not define costs, nor does there appear to be any case law construing the term as used in this rule.[2] The position Coastal would have us adopt would preclude a litigant's recovery of costs incurred in good faith preparation for trial because his opponent took a voluntary dismissal. We note the specific finding by the trial court here that the costs claimed by Mobil would have been incurred by Mobil in defense of Coastal's counterclaims had the litigation proceeded to trial.
Coastal argues that to allow recovery of expert witness preparation costs in this case would afford greater recovery following a voluntary dismissal than would be recoverable following a trial. However, it has not been demonstrated that this is necessarily the case. Trial courts have broad discretion to assess costs, Durrance v. Sanders, 329 So.2d 26 (Fla. 1st DCA 1976), and the trial court has an unparalleled vantage point from which to ascertain from the proceedings the nature and extent of evidence which would have been required. The dismissal in this case came after eleven years of litigation.
Coastal's analogy to recovery of costs following a directed verdict is unpersuasive. First, in Junkas v. Union Sun Homes, Inc., 412 So.2d 52 (Fla. 5th DCA 1982), and KMS of Florida v. Magna Properties, 464 So.2d 234 (Fla. 5th DCA 1985), the cases cited by Coastal, the expert witnesses had neither testified nor been deposed. In this case, the expert witnesses had been deposed. Second, the prevailing party in the above cited cases prevailed by virtue of their own initiative. By seeking a directed verdict, the moving party chose not to use expert witnesses. To deny expert witness fees following a voluntary dismissal would punish the defending party for the prosecuting party's unilateral decision to end the litigation. We do not believe that Rule 1.420(d) demands such a harsh result. However, because we recognize that this issue may have a chilling *161 effect upon voluntary dismissals, we certify as being of great public importance the question:
Does the term "costs" in Rule 1.420(d), Florida Rules of Civil Procedure, include reasonable and necessary preparation costs and fees of expert witnesses who were never called to testify because a plaintiff voluntarily dismissed?
Petition for a writ of certiorari is DENIED.
SMITH, JOANOS and ZEHMER, JJ., concur.
NOTES
[1] Petitioner Coastal's additional points involve alleged errors in the trial court's failure to allocate costs between Coastal and the Trustees, error in assessment of "federal" court costs, denial of Coastal's defense based on alleged "offsetting effect" of Mobil's voluntary dismissal of its Reply Counterclaim, and improper assessment of "paralegal" and "title search" costs. We find that resolution of these issues involved factual determinations not shown to be clearly erroneous, and application of legal principles not shown to constitute departures from the essential requirements of law.
[2] In Stuart Plaza, Ltd. v. Atlantic Coast Development Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986), the court held that following a voluntary dismissal by a plaintiff, a trial court has jurisdiction to award attorney fees where the fees are authorized by statute or contract. In Turner v. D.N.E., Inc., 547 So.2d 1245 (Fla. 4th DCA 1989), the court held on the authority of Stuart Plaza that costs can be assessed against a party who voluntarily dismisses under Rule 1.420(d). However, the Turner court held further that costs are only recoverable by a party who "has either paid the costs or incurred the liability to do so." 547 So.2d at 1245, citing City of Boca Raton v. Boca Villas Corp., 372 So.2d 485 (Fla. 4th DCA 1979). The Turner court drew no distinction between recovery of attorney fees and recovery of costs.

In City of Boca Raton, the court held that, since costs are in the nature of indemnification, no award thereof can be made unless a party has "either paid for the items or incurred liability to do so." Id. at 486. The award of costs was reversed in City of Boca Raton because it included costs which were actually incurred by a non-party without an agreement or obligation for reimbursement by the party which ultimately prevailed.
Given the facts of these cases, we do not understand the words "paid the costs or incurred the liability to do so" as precluding recovery of costs for expert witnesses who did not testify because a voluntary dismissal was taken when the trial court found that the costs of using the experts would have been incurred had the claims been tried.