RYDER, Acting Chief Judge.
Ferris Waller and his limited partnership, Country Village Flea Market, challenge the trial court’s judgment entered on a jury verdict finding them liable for trespass, nuisance and negligence and the award of damages to the Baxleys and Mrs. Keen. Because we find no merit in any of the seven issues raised by the Waller interests, we affirm the trial court’s judgment with regard to the jury verdict and damages.
The Baxleys and Mrs. Keen seek review of the trial court’s denial of certain costs while the court awarded them other costs. We affirm as to all costs awarded appel-lees. However, we hold that the Baxleys and Mrs. Keen are entitled to the costs denied them, therefore, we reverse the court below as to those and remand the case to correct the judgment regarding costs.
The Baxleys and Mrs. Keen were denied reimbursement of $77.50 which they advanced for a jury view. Florida Rule of Civil Procedure 1.520 states that the advance paid by the movant for a jury view shall be taxed as costs if the movant prevails. The Baxleys and Mrs. Keen were the prevailing parties in this case, and should have been awarded this advance.
Mrs. Keen and the Baxleys were also denied an amount of $935.00 for the per diem attendance of the court reporter at trial. Pursuant to section 57.071(2) Florida Statutes (1989), and Wilkins v. Superx Drugs of Florida, Inc., 232 So.2d 19 (Fla. 4th DCA 1970), appellees are entitled to these costs because the court reporter served a “useful purpose” at trial.
Finally, Mrs. Keen and the Baxleys were denied their claim of $883.33 for sales tax which they paid on a portion of their attor *809 ney’s fees. Section 57.071(3), Florida Statutes (1989), specifically states that any sales tax shall be awarded to any party who is awarded costs. Because appellees were awarded costs in this case, they are entitled to the sales tax incurred on the portion of their attorney fees, as a result of the Florida service tax. See also Hoopes v. Hoopes, 525 So.2d 1015 (Fla. 4th DCA 1988).
It was error for the trial court to deny the costs described above. The judgment is affirmed with regard to the jury verdict and damage award, but the case is remanded for the trial court to correct the judgment regarding costs awarded to the Bax-leys and Mrs. Keen as set forth in this opinion.
Affirmed in part and remanded for correction of judgment.
DANAHY and FRANK, JJ., concur.