583 So.2d 1022 (1991)
COASTAL PETROLEUM CO., etc. Petitioner,
v.
MOBIL OIL CORP., etc. Respondent.
No. 74975.
Supreme Court of Florida.
July 3, 1991.
*1023 Robert J. Angerer, Tallahassee, for petitioner.
Julian Clarkson and Michael L. Rosen of Holland & Knight, Tallahassee, for respondent.
KOGAN, Justice.
We have for review Coastal Petroleum Co. v. Mobil Oil Corp., 550 So.2d 158, 161 (Fla. 1st DCA 1989), which certified the following question of great public importance:
Does the term "costs" in Rule 1.420(d), Florida Rules of Civil Procedure, include reasonable and necessary preparation costs and fees of expert witnesses who were never called to testify because a plaintiff voluntarily dismissed?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer with a qualified affirmative, quash the opinion below and remand for reconsideration in light of this opinion.
In 1976, Mobil Oil Corporation sued Coastal Petroleum Company, over matters not at issue in this proceeding. Coastal filed five counterclaims. Its major contention was that Mobil had converted $2.5 billion in phosphate from lands along the Peace River, which Coastal claimed by way of its state lease of "sovereignty" lands in this area. Coastal essentially argued that the lands in question were sovereignty lands because they lay below navigable waterways *1024 at the time Florida was admitted to the Union in 1845. Mobil and its predecessors, however, had claimed ownership of these lands as a matter of public record since before 1941, and had paid taxes on the land. Later, Coastal joined the Trustees of the Internal Improvement Trust Fund as necessary parties, and they filed their own counterclaim.
Mobil ultimately prevailed on all of its claims as well as on two of Coastal's counterclaims not related to the sovereignty-lands claim. This judgment was affirmed. Coastal Petroleum Co. v. Mobil Oil Corp., 378 So.2d 336 (Fla. 1st DCA), cert. denied, 386 So.2d 635 (Fla. 1980). Coastal was assessed costs, which it paid. However, three of Coastal's counterclaims and the Trustees' counterclaim remained untried, including the sovereignty-lands issue.
Subsequently, Mobil filed a "reply counterclaim" against both Coastal and the Trustees on the sovereignty-lands issue. In response, both Coastal and the Trustees removed the reply to the United States District Court. Mobil's motion for a remand to the state court was denied, and one of Coastal's remaining counterclaims was tried. The verdict was returned for Coastal, and Mobil appealed. The Eleventh Circuit then ruled that the United States District Court lacked jurisdiction. Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419 (11th Cir.), cert. denied, 459 U.S. 970, 103 S.Ct. 300, 74 L.Ed.2d 281 (1982). As a result, the cause was remanded to the Leon County Circuit Court, with the federal court retaining jurisdiction to award costs occasioned by the wrongful removal. See 28 U.S.C. § 1447(c) (1976). These costs later were awarded to Mobil.
On remand, the suit consisted of Coastal's remaining three counterclaims. One was settled; and in January 1987 Coastal filed a voluntary dismissal of the other two. Mobil subsequently dismissed its reply counterclaim, which had been determined in rem only to Polk County. Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla. 1986). Mobil then settled with the Trustees on the remaining claims pending in Leon and Polk Counties. Under the settlement, Mobil's present ownership of the Peace River lands was recognized, but Mobil agreed to deed the land to the state over a period of years.
Afterward, the Leon County Circuit Court awarded a judgment of costs against Coastal for $2,117,992.34. The trial court expressly deleted costs it characterized as attributable solely to the state's activities in this case. Coastal then petitioned the First District for a writ of certiorari. The district court addressed only one of five claims raised by Coastal  an allegation that the trial court should not have awarded costs for expert witnesses who did not testify because of the voluntary dismissal of some claims.
Noting that Rule 1.420(d) does not define "costs," the First District concluded that common sense dictated the term must include expert-witness costs of this type. The district court noted that the dismissal in this case occurred after eleven years of litigation, during which expert witnesses incurred expenses preparing for their testimony. However, noting a possible chilling effect on voluntary dismissals, the district court certified the question now before this Court. Coastal Petroleum, 550 So.2d at 161.
We agree with the district court that a chilling effect should be avoided whenever possible in cases of this type. Too liberal awards of costs in similar cases may well discourage the use of voluntary dismissals, thus resulting in a greater burden on the judicial system and a waste of litigants' resources. However, we also must recognize a countervailing problem: the possibility that some litigants may abuse voluntary dismissals as a way either of avoiding the payment of some costs or of forcing an opponent to pay large sums of money in futile trial preparation. Both of these extremes must be avoided.
Initially we agree that, at least in certain circumstances, costs for trial preparation may be awarded as costs. Our analysis of the Florida Rules of Civil Procedure convinces us that this is so. Rule 1.420, for example, recognizes that some costs may be awarded following a voluntary dismissal. *1025 The term "costs" is not qualified to exclude the expenses at issue today. Similarly, Rule 1.390(c) recognizes that expert or skilled witnesses may be awarded a reasonable fee for depositions, which also may be assessed as "costs." This last rule imposes no requirement that the expert must actually testify or that the deposition must actually be used at trial, only that the witness be deposed.
Coastal Petroleum correctly calls to this Court's attention the fact that no statute exists that directly authorizes or forbids the type of fee requested by Mobil in this instance. The absence of such a statute, argues Coastal Petroleum, means that Mobil necessarily must lose its case because the common law of Florida does not authorize the award of attorneys' fees.
However, we believe this argument attributes to the common law a rigidity it has never possessed. Common law is judge-made law. Florida common law thus is largely the creation of this Court, subject to fundamental law and the checks and balances imposed by the Constitution; and in the past, this Court has not hesitated to participate in the ongoing evolution of common law principles whenever public necessity has demanded it. E.g., Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) (judicially adopting rule of comparative negligence), modified on other grounds, First American Title Ins. Co. v. First Title Serv. Co., 457 So.2d 467 (1986).
Accordingly, we are not persuaded by Coastal Petroleum's arguments. Complex litigation of the type at issue in this case has helped contribute to the heavy burdens now imposed upon judicial resources and the enormous costs increasingly passed along to clients. The rule urged by Coastal Petroleum, we believe, will encourage some litigants to abuse complex litigation with impunity, potentially wasting years of judicial effort and forcing an opponent to spend millions in useless trial preparation. Accordingly, we believe that some type of cost award is appropriate and necessary in cases of this type.
However, we agree that the trial court must be vigilant to avoid a chilling effect. Thus, in certain circumstances, the trial court clearly should decline to award trial-preparation costs following a voluntary dismissal. For example, we believe a trial court abuses its discretion by awarding such costs if the voluntary dismissal occurs at a time when the opposing parties have not reasonably incurred expenses in legitimate trial preparation.[1]
When a voluntary dismissal occurs after an opposing party has incurred legitimate trial-preparation expenses, we believe the trial court properly may entertain a motion to award costs against the dismissing party. This is a matter largely left to the discretion of the trial court. As a general rule, we believe these costs should not exceed the amount that reasonably would have been awarded had the precise same expenditures occurred in litigation that actually went to trial.[2]
This rule will require the trial court, in an appropriate hearing, after argument and presentation of appropriate evidence by both sides, to determine exactly which expenses would have been reasonably necessary for an actual trial, including expert-witness-preparation costs. In other words, the trial court should reconstruct a trial strategy that a reasonable party would have developed in an actual trial, and it should award costs on the basis of that strategy. We emphasize, however, that the trial court is not restricted to determining the least expensive strategy, but merely one that is reasonable in light of the complexity of the case. This includes a determination as to which expert witnesses *1026 reasonably could have been called to testify at trial.
We believe this rule is necessary to balance the policies we have elaborated above. An opposing party usually should not be entitled to an extraordinary cost award merely because of the fact of the voluntary dismissal. Simultaneously, we do not believe an advantage should accrue to either party simply because a controversy has been voluntarily dismissed or because it has actually gone to trial. The risks generally should be the same whether the action is tried or voluntarily dismissed, with the single exception that a voluntary dismissal will prevent the further accrual of actual costs not yet incurred. This is in keeping with the policy of encouraging the appropriate use of voluntary dismissals.
However, we believe this last rule should be subject to an exception that offers an additional penalty for those who abuse voluntary dismissals. When the trial court expressly finds that the party seeking the voluntary dismissal has acted in bad faith by dismissing the suit, the trial court then may enhance the award up to the total sum of actual costs incurred by the opposing party in futile preparation for the specific trial,[3] whether or not these costs would have been recoverable as "costs" following an actual trial. For example, this award could include all expert witness preparation costs including those that would not have been part of a reasonable trial strategy. We caution that an enhanced award of this type should be sparingly used only in egregious cases, so as to discourage abuse of the voluntary dismissal process.
We have examined the record of the proceedings below in light of the analysis we have developed here and are unable to determine whether the trial court conducted the proper inquiry. We cannot determine from this record whether the costs assessed against Coastal Petroleum were properly awardable as part of a reasonable trial strategy. Nor do we believe we are in a proper position to determine whether Coastal Petroleum acted in bad faith in voluntarily dismissing this suit, thus justifying an enhanced award. The trial court, having had an opportunity to see all the activities of the opponents, usually is best situated to make this determination.
Accordingly, we quash the opinion below without prejudice for the parties to raise any and all issues relevant to the issue of costs; and we remand for reconsideration in light of this opinion. On remand, the district court shall instruct the trial court to conduct a hearing on the request for costs applying the analysis developed in this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and BARKETT, JJ., concur.
GRIMES, J., recused.
NOTES
[1] By the same token, we agree with the district court below that such an award is inappropriate when the opposing parties have prevailed by their own initiative, such as by seeking a directed verdict. Coastal Petroleum Co. v. Mobil Oil Corp., 550 So.2d 158, 160 (Fla. 1st DCA 1989) (citing KMS of Fla. Corp. v. Magna Properties, Inc., 464 So.2d 234 (Fla. 5th DCA 1985); Junkas v. Union Sun Homes, Inc., 412 So.2d 52 (Fla. 5th DCA 1982)).
[2] Of course, the trial court should not take into account any expenditures except those actually incurred.
[3] Obviously, overhead and similar costs not directly attributable to the specific litigation in question should not be awarded. Furthermore, costs do not include attorneys' fees.