ALLEN, Judge.
This is the second petition for writ of certiorari Coastal Petroleum Company (Coastal) has filed with this court in connection with a judgment for costs entered in 1987, following Coastal’s voluntary dismissal of claims against Mobil Oil Corporation. .Our opinion in response to the earlier petition, Coastal Petroleum Co. v. Mobil Oil Corp., 550 So.2d 158 (Fla. 1st DCA 1989), was followed by the supreme court’s opinion upon review, Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022 (Fla.1991). Coastal contends that, upon remand, the trial court failed to comply with the decision of the supreme court. Concluding that the trial court’s actions were consistent with the supreme court’s decision, we deny the petition.
The supreme court opinion explained the analysis to be used by a trial court in deciding a motion for award of trial preparation costs following voluntary dismissal of an action. Because the supreme court could not determine from the record whether the trial court had used the proper analysis, it remanded the cause for reconsideration in light of its opinion and directed the trial court to conduct a hearing on the request for costs, applying the analysis developed in the opinion.
Upon remand, the trial judge met with counsel for the parties and stated that the analysis articulated by the supreme court was the analysis he had used in entering the 1987 judgment for costs. Because he had employed the proper analysis when reviewing the evidence presented at the 1987 hearing, he denied Coastal’s request for a second evidentiary hearing. The judge’s subsequent order reaffirmed the 1987 costs judgment, explained again that the analysis required by the supreme court had been used at the original costs hearing, declared that the reasonableness and necessity of the costs awarded had been determined before entering the judgment, and concluded that there was no need to hold a second evidentiary hearing or disturb his previous findings.
We believe the trial court’s actions on remand complied with the supreme court’s directive. Remand following the supreme court opinion was necessary only because the record before the supreme court did not reveal whether the trial court had used the proper analysis. Once the trial court clarified the record deficiency by indicating that *227 the proper analysis had been used, there was no need for further action by the trial court. Like the trial court, we do not understand the supreme court opinion to require a second evidentiary hearing under these circumstances. See Avis Rent-A-Car Sys., Inc. v. Abrahantes, 559 So.2d 1262 (Fla. 3d DCA 1990); and Buchanan v. Golden Hills Turf & Country Club, Inc., 308 So.2d 168 (Fla. 1st DCA 1975).
Coastal has failed to show that the trial court departed from the essential requirements of law. Accordingly, the petition for writ of certiorari is denied.
KAHN, J., concurs.
WEBSTER, J., dissents with written opinion.