WEBSTER, Judge,
dissenting.
My reading of Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022 (Fla.1991), leads me to conclude that the Supreme Court intended thereby to establish, for the first time in Florida, a rule delineating what expenses (including those attributable to experts) may be assessed as “costs," pursuant to Rule 1.420(d), Florida Rules of Civil Procedure, against a party who takes a voluntary dismissal before trial. My reading of that opinion leads me to conclude, further, that the Supreme Court believed that, by its decision, it was altering the common law of Florida.
The final paragraph of the Supreme Court’s opinion reads as follows:
[W]e quash the opinion below without prejudice for the parties to raise any and all issues relevant to the issue of costs; and we remand for reconsideration in light of this opinion. On remand, the district court shall instruct the trial court to conduct a hearing on the request for costs applying the analysis developed in this opinion.
583 So.2d at 1026. Once the matter had been remanded to the trial court, Coastal argued that a new evidentiary hearing should be held, so that the parties might have an opportunity to present their respective cases in light of the rule announced by the Supreme Court. However, the trial court, agreeing with Mobil’s argument, concluded that it had applied the newly-announced Supreme Court rule at the first hearing. Therefore, the trial court denied the request for a further evi-dentiary hearing.
I confess that the intended scope of the remand by the Supreme Court to the trial court is not entirely clear to me from a reading of the final paragraph of the opinion, alone. However, I believe that the intent of the opinion, read in its entirety, was that the trial court should consider the costs issue anew, in light of the rule there announced. Therefore, I would grant the petition for a writ of certiorari and remand with directions that a further evidentiary hearing be held.