616 So.2d 462 (1993)
Ted J. CARSON, M.D. and the Staff Fund, Appellants,
v.
Robert William QUAILE, as Personal Representative of the Estate of Patricia Joan Quaile, etc., et al., Appellees.
No. 91-2341.
District Court of Appeal of Florida, Fourth District.
January 27, 1993.
Rehearing and Rehearing Denied April 28, 1993.
*463 Richard T. Woulfe and Gary M. Farmer, Jr. of Bunnell, Woulfe & Keller, P.A., Fort Lauderdale, for appellants.
Philip M. Warren, Pompano Beach, for appellee  Robert William Quaile.
Rehearing and Rehearing En Banc Denied April 28, 1993.
DELL, Judge.
Appellee Robert William Quaile, as personal representative of the estate of Patricia Joan Quaile, brought a medical malpractice wrongful death action against Appellant Ted J. Carson, M.D., and several other health care providers. This appeal arises out of a final judgment awarding appellee costs.
A few days before trial, appellee entered into a settlement agreement with Dr. Carson and his insurance company, The Staff Fund, Inc. (appellants). Appellee voluntarily dismissed the other named defendants.
Pursuant to the settlement agreement, The Staff Fund, Inc., agreed to pay appellee $1,000,000 plus taxable costs attributable to Dr. Carson. The parties were unable to agree on the amount of the taxable costs and, as provided in the agreement, appellee filed a motion to tax costs supported by an affidavit itemizing his claim for taxable costs in the amount of $78,458.05. The trial court conducted a hearing on appellee's motion and entered a final cost judgment against appellants in the amount of $33,227.30. Dr. Carson filed a motion for clarification of the cost judgment because the trial court did not itemize the costs. The trial court, after a motion to vacate the original judgment, entered an itemized order taxing costs and judgment against appellants in the amount of $33,240.54.
Appellants contend the trial court erred in awarding costs in four categories: (1) expert witness fees, (2) costs for deposition transcripts, (3) court reporter fees for attendance at hearings and costs for transcripts of the hearings and (4) miscellaneous office costs. We affirm in part and reverse in part.
Appellants agreed to pay appellee taxable costs attributable to appellee's claim against Dr. Carson. We find no merit *464 in appellants' argument that because this case settled and did not go to trial, appellee cannot recover those costs ordinarily recoverable only if a case goes to trial. The trial court did not err when it awarded those costs that would have served a useful purpose had this case gone to trial. In Coastal Petroleum Co. v. Mobile Oil Corp., 583 So.2d 1022 (Fla. 1991), the supreme court considered the basis for the imposition of costs following a voluntary dismissal. Based upon the agreement reached by the parties sub judice, we think the rule announced in Coastal Petroleum provides appropriate guidance for review of the trial court's order taxing costs:
As a general rule, we believe these costs should not exceed the amount that reasonably would have been awarded had the precise same expenditures occurred in litigation that actually went to trial.
This rule will require the trial court, in an appropriate hearing, after argument and presentation of appropriate evidence by both sides, to determine exactly which expenses would have been reasonably necessary for an actual trial, including expert-witness-preparation costs. In other words, the trial court should reconstruct a trial strategy that a reasonable party would have developed in an actual trial, and it should award costs on the basis of that strategy. We emphasize, however, that the trial court is not restricted to determining the least expensive strategy, but merely one that is reasonable in light of the complexity of the case. This includes a determination as to which expert witnesses reasonably could have been called to testify at trial.
Id. at 1025-26 (footnote omitted).
First, appellants challenge the expert witness fees allowed for Drs. Bussey, Becker, Overton, Morgan, Borochow, Mayer, Cooperman and Carmichael. Appellants argue even though some of these experts expressed opinions against him, none of the experts would have been retained had Dr. Carson been the only defendant in the action and that appellee would not have been permitted to call these experts as witnesses because of the trial court's order limiting each side's experts. Appellants also argue the trial court should have disregarded the fact that they listed these witnesses as their experts since appellants had no intention of calling them as witnesses at the trial. We have reviewed the parties' respective arguments as to the fees charged by each of the experts and the trial court's determination of the amounts to be awarded. It appears the trial court evaluated each witnesses' testimony as it pertained to Dr. Carson and adjusted and awarded the fees accordingly.
Second, appellants have also failed to demonstrate error in the trial court's award of costs for deposition transcripts. The record shows appellee explained how each cost would have served a useful purpose at trial.
Third, we agree with appellants' argument that the trial court erred in awarding court reporter fees for attendance at hearings and costs for transcripts of the hearings. See Waller v. Baxley, 565 So.2d 808 (Fla. 2d DCA 1990). Appellee had the burden to show the transcripts of the hearings would have served a useful purpose at trial. The trial court's refusal to allow appellee argument to demonstrate the purpose of these transcripts leaves the record without support for the award of these costs.
Finally, appellee conceded at the cost hearing he was not entitled to an award of miscellaneous office costs for rush filings and courier service. We agree and, therefore, reverse the award of miscellaneous office costs in the amount of $105.50. See Mitchell v. Osceola Farms Co., 574 So.2d 1162 (Fla. 4th DCA 1991).
Accordingly, we reverse the award of miscellaneous office costs and the award of court reporter fees for attendance at hearings and costs for transcripts of the hearings. We remand this cause to the trial court with directions to vacate $105.50 of the amount awarded for miscellaneous office costs and for further hearing on appellee's claims for court reporter fees for attendance at hearings and costs for transcripts of the hearings. We affirm the final judgment in all other respects.
*465 AFFIRMED IN PART; REVERSED IN PART and REMANDED.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.