NESBITT, Judge.
Hertz Corporation, Vanesia Adkins, and Patricia Wright (referred herein collectively as Hertz) petition this court to issue a writ of common law certiorari to review an order rendered after the trial court, on its own motion, noticed and held a hearing for judgment of dismissal for lack of prosecution. In that order, the court lifted a stay which had been entered in 1992 pursuant to Florida Rule of Civil Procedure 1.420(d), for payment of a cost judgment. The court required payment to Hertz of the amount due as principal on the cost judgment, $26,859.09; the court also determined respondent was obligated to Hertz, pursuant to section 55.03, Florida Statutes (1995), for accrued interest through the date of issuance. However, the court deferred payment of the accrued interest until conclusion of the action.
Hertz argues that the trail court lacked the authority to lift the stay, when accrued interest due had not yet been paid. The appropriate method for seeking review of such an order is by petition for writ of common law certiorari. See Barry A. Cohen, P.A. v. LaTorre, 595 So.2d 1076 (Fla. 2d DCA 1992). Relying Rule 1.420(d) as well as Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993), we grant the petition.
Rule 1.420(d) is unambiguous — costs are to be assessed in the action that is the subject of the voluntary dismissal:
Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
Furthermore, as stated in Rose Printing:
Where a nondismissing party seeks costs under this rule, a court is without authority to defer assessment pending disposition of a subsequent action. [Petitioners’] reliance on Coastal Petroleum v. Mobil Oil Corp., 583 So.2d 1022 (Fla.1991), for the proposition that a trial court has discretion to defer assessment is misplaced. The discretion referred to in Coastal Petroleum pertains solely to the amount of costs to be assessed in the dismissed suit.
Rose Printing, 624 So.2d at 258.
The instant cost judgment contains the language “for which sum let execution issue” and is clearly a judgment within the meaning of section 55.03. Thus, the statutory accrued interest on the judgment was an integral part of the costs which had to be paid before respondent could proceed. See § 55.03(2), Fla. Stat. (1995) (providing “[a]ny *931 process, writ, judgment, or decree which is directed to the sheriffs of the state to be dealt with as execution shall bear, on the face of the process, writ, judgment, or decree, the rate of interest which it shall accrue from the date of the judgment until payment”)
Accordingly, while the trial court may revisit the issue of whether the action should be dismissed for lack of prosecution, the court was without authority to order the action to proceed without payment in full of all costs due, including accrued interest.
The petition is granted, the order lifting the stay is quashed, and the cause remanded.
JORGENSON, J., concurs.