CANADY, Judge.
Richard Harrison appeals an order denying his motion for taxation of costs following his former wife’s voluntary dismissal of a petition for an injunction for protection against domestic violence. Because we conclude the trial court erred in summarily denying the motion for taxation of costs, we reverse.
Shawn Francisco, Harrison’s former wife, filed a petition for an injunction against domestic violence pursuant to section 741.30, Florida Statutes (2003). In this petition, Francisco sought an order preventing Harrison from having any contact with her or with the parties’ minor children. An initial ex parte temporary injunction was entered against Harrison, and a full hearing was scheduled. At the hearing, the former wife was apparently unable to present evidence to support the allegations in her petition. Consequently, she voluntarily dismissed her petition and the hearing was concluded.
Harrison filed a motion for taxation of costs within thirty days of the voluntary dismissal. The trial court entered an order denying this motion. There is no evidence in the record that any hearing was held on the motion for costs, and Harrison asserts in his brief that no hearing or other opportunity to be heard was presented before his motion for costs was denied. On appeal, Harrison contends that the trial court should have held a hearing to determine whether to allow or disallow each claimed taxable cost.
A petition for an injunction against domestic violence is governed by the Florida Family Law Rules of Procedure. Fla. Fam. L.R.P. 12.010(l)(a). Florida Family Law Rule of Procedure 12.420 provides that “[djismissal of actions shall be governed by Florida Rule of Civil Procedure 1.420” and that “[cjosts shall be assessed as provided in rule 1.420(d),” subject to an *240 exception not pertinent here. Rule 1.420(d) provides that “[c]osts in any action dismissed under [rule 1.420] shall be assessed and judgment for costs entered in that action.” Voluntary dismissals are included within the scope of the dismissals covered by rule 1.420. See Fla. R. Civ. P. 1.420(a).
“When a voluntary dismissal occurs after an opposing party has incurred legitimate trial-preparation expenses, the trial court properly may entertain a motion to award costs against the dismissing party.” Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022, 1025 (Fla.1991); see also Carson v. Quaile, 616 So.2d 462 (Fla. 4th DCA 1993) (holding that it was not error for the trial court to award costs following a voluntary dismissal for taxable expenditures that would have served a useful purpose had the matter proceeded to trial). Although an award of costs “is a matter largely left to the discretion of the trial court,” the holding in Coastal Petroleum requires “the trial court, in an appropriate hearing, after argument and presentation of appropriate evidence by both sides, to determine exactly which expenses would have been reasonably necessary for an actual trial.” Coastal Petroleum, 583 So.2d at 1025. In the instant case, no such hearing was held by the trial court. Instead, the trial court summarily denied Harrison’s motion for costs. The trial court erred in failing to hold such a hearing.
We therefore reverse the order denying costs and remand this case with instructions that the trial court hold an evidentia-ry hearing on Harrison’s motion for costs.
Reversed and remanded.
COVINGTON and KELLY, JJ„ concur.