# Third District Court of Appeal
## State of Florida

Opinion filed June 24, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2233
Lower Tribunal No. 21-7605-CA-01
_____

## Universal Property & Casualty Insurance Company,
Appellant,

vs.

## Orlando Cisneros Dameras,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David Craig Miller, Judge.

Holland & Knight LLP, and Christopher N. Bellows and Lee P. Teichner and Taariq M. Lewis, for appellant.

Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellee.

Before FERNANDEZ, MILLER and BOKOR, JJ.

BOKOR, J.

Universal Property & Casualty Insurance Company appeals an award of attorneys' fees and costs rendered after a settlement. The court awarded the insured a lodestar fee amount of $389,362.50 with a 2.5 contingency risk multiplier, totaling $973,406.25, as well as $138,658.25 in costs for various expert fees. Universal alleges that the court lacked evidence to support its findings as to the reasonableness of the fee rates and hours and the need for the multiplier, and that the court erroneously taxed costs for the insured's non-testifying experts. We affirm in part as to the lodestar amount itself but reverse and remand as to the multiplier and the improper cost awards.[1]

I.

Computation of attorney fee awards is governed by Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), and Standard Guaranty Insurance Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990). Rowe set forth the general guidelines for determining a reasonable amount of attorney fees:

> [I]n computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the

---

[1] Universal also challenges the court's award of $96,000 in costs for the fees of a testifying fee expert. This issue was not argued below or in Universal's motion for rehearing and is thus unpreserved. See Wolland v. Wolland, 3D25-1520, 2026 WL 1476428, at *1 n.1 (Fla. 3d DCA May 27, 2026); Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.").

litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims.

472 So. 2d at 1151–52. Subsequently, Quanstrom modified Rowe by articulating additional factors to be considered in determining whether a multiplier is warranted to mitigate the risk of nonpayment from accepting a case on a contingency fee basis:

(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client. Evidence of these factors must be presented to justify the utilization of a multiplier. We find that the multiplier is still a useful tool which can assist trial courts in determining a reasonable fee in this category of cases when a risk of nonpayment is established. However, we find that the multiplier in Rowe should be modified as follows: If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5. Accordingly, our Rowe decision is modified to allow a multiplier from 1 to 2.5.

Quanstrom, 555 So. 2d at 834. "In determining the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings. If the court decides to adjust the lodestar, it must state the grounds on which it

3

justifies the enhancement or reduction." Rowe, 472 So. 2d at 1151. On appeal, our review is for abuse of discretion, and "the trial court's findings as to the multiplier itself must be supported by competent substantial evidence." Universal Prop. & Cas. Ins. Co. v. Medero, 406 So. 3d 323, 326 (Fla. 3d DCA 2025).

## II.

"Quanstrom made clear that trial judges are not required to use a multiplier; but when they do, evidence must be 'presented to justify the utilization of a multiplier.'" Joyce v. Federated Nat'l Ins. Co., 228 So. 3d 1122, 1128 (Fla. 2017) (quoting in part Quanstrom, 555 So. 2d at 834). Here, the trial court's findings as to the first Quanstrom factor—whether the relevant market requires a contingency fee multiplier to obtain competent counsel— contain no support in the record. The court relied primarily on the qualifications of the insured's counsel and their willingness to bring the case to trial to secure a favorable settlement, finding that "few lawyers possess the skill, competency, and temerity to prepare and argue a case such as this through trial and appeal." Universal does not dispute the insured's counsel's qualifications and experience. But the fact that this firm was experienced and competent to take the case doesn't directly address the availability of other "attorneys in the relevant market who both have the skills to handle the case

4

effectively and who would have taken the case absent the availability of a contingency fee multiplier." Id. at 1135. The insured's fee expert relied primarily on the likelihood of success as a basis for the multiplier, noting that the case was particularly risky because the insured was late in providing notice of the claim and that "nobody" would take this case without a multiplier. But the expert did not testify that there were no other lawyers who were competent to handle the case without a multiplier or on an hourly basis instead, and the trial court agreed that there were numerous other firms that practice property insurance law in south Florida and could have gotten at least some recovery here.

We find no abuse of discretion in the trial court's computation of the lodestar amount itself; the court considered all relevant factors under Rowe and Quanstrom and supported the amounts with sufficient factual findings. However, the court's findings as to the contingency risk multiplier do not support the imposition of the highest possible multiplier of 2.5, or, on this record, any multiplier. Therefore, we reverse and remand in part for the trial court to enter the lodestar without any multiplier. See Impex Caribe Corp. v. Levin, 338 So. 3d 13, 15 (Fla. 3d DCA 2022) (reversing fee multiplier where "Levin's fees expert, however, never testified that there was a lack of well-qualified, local construction lawyers, or that it was unlikely that Levin would

have found a competent lawyer to take his lien foreclosure case without the possibility of a contingency fee multiplier"); Universal Prop. & Cas. Ins. Co. v. Deshpande, 314 So. 3d 416, 421 (Fla. 3d DCA 2020) ("The Plaintiff's fee expert failed to testify that Deshpande's counsel was the only competent counsel in the relevant market. Nor did the expert alternatively testify that, while there was other competent counsel available in the relevant market, they would not have taken the case on a simple contingency fee and would have done so only if the multiplier was available.").

We also reverse as to the trial court's award of $42,658.25 in costs for the fees of two expert witnesses who were retained to prepare the case for trial but did not testify. Such costs are governed by section 92.231(2), Florida Statutes, which authorizes the taxing of costs for "[a]ny expert or skilled witness who shall have testified in any cause." "Costs are taxable only where authorized by statute or rule." Boca View Condo. Ass'n, Inc. v. Lepselter, 392 So. 3d 144, 149 (Fla. 4th DCA 2024) (reversing award of costs for fees of experts who were certified but did not testify). "Generally, it is not appropriate to tax as costs the fees of witnesses who are neither qualified as experts by the court nor testify at trial." Deshpande, 314 So. 3d at 422 (citation modified). While the trial court may sometimes award fees reasonably incurred for the preparation of expert testimony when the testimony was

6

reasonably necessary for trial, such as when the case is voluntarily dismissed after the opposing party has incurred legitimate trial-preparation expenses, the record does not indicate that any such findings were made here. See id.; Coastal Petroleum Co. v. Mobil Oil Corp., 583 So. 2d 1022, 1025 (Fla. 1991). On remand, the trial court shall conduct an appropriate analysis, make findings based on the evidence presented, and omit any fees for non-testifying experts not reasonably necessary for trial preparations.

Affirmed in part, reversed in part, and remanded with instructions.